Sarah A. Miller v. the Allentown & Bethlehem Rapid Transit Co., the Lehigh Valley Railroad Co., the County of Lehigh, Appellant, and the Township of Whitehall.

[Marked to be reported.]

*Practice—Actions—Trespass—Injury to land—Act of May 25, 1887.*

In an action of trespass brought against a street railway company to recover damages for injuries to land caused by the construction of the approaches to a county bridge, it appeared that the county had constructed the approaches, and had been indemnified against loss by the railway com-

pany. The county was subsequently brought into the suit by means of an alias summons duly served, and it pleaded under protest, after the court had overruled its objection to being made a party. A trial was had on the merits, and a verdict and judgment was rendered against the county alone. *Held*, (1) that the county, after the above recited proceedings, could not object that it was not duly a party, and bound by the proceedings; (2) that a recovery could be had in trespass under the Act of May 25, 1887, P. L. 271, although the injury was consequential and, at common law, the remedy should have been in case; (3) that a judgment against the county should be sustained.

Argued Feb. 1, 1897. Appeal, No. 242, Jan. T., 1896, by the County of Lehigh, from judgment of C. P. Lehigh Co., June T., 1893, No. 25, on special verdict. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed. MITCHELL, J., dissents.

Trespass to recover damages for injury to land. Before AL-BRIGHT, P. J.

From the record it appeared that the suit was originally brought against the Allentown & Bethlehem Rapid Transit Company alone, to recover damages for injury to plaintiff's property by the construction of the approaches of a county bridge. On March 16, 1895, an affidavit was filed that a mistake had been made in the bringing of the suit, in the names of the parties defendant, and the court then allowed the record to be amended by adding the Lehigh Valley Railroad Company, the county of Lehigh and the township of Whitehall as codefendants with the said Allentown & Bethlehem Rapid Transit Company, and an alias summons issued against the parties so made codefendants, which was duly served upon them. The county of Lehigh objected to being made a party. The court overruled the objection. A new statement of cause of action was then filed. A rule to plead was then entered, and all the defendants pleaded under protest. At the trial it appeared that the approaches to the bridge had been constructed by the county, which had been indemnified against loss by the transit company.

The county presented inter alia the following points:

1. Under all the evidence the verdict must be in favor of the defendant, the county of Lehigh. *Answer :* Negatived. [1]

4. There was no evidence of any joint liability or tort, and the defendant, the county of Lehigh, being simply added and

brought in after the inception of the suit, there can be no verdict against the said county of Lehigh. *Answer:* Negatived. [2]

The court charged the jury in part as follows :

[A question has been raised before the court and the ruling of the court has been requested as to whether in this action there can be a recovery against the county of Lehigh because the county of Lehigh was not sued in the beginning, and because the Transit Company was sued for what would have been an unlawful act on its part if it had done what was alleged, to wit : the filling up and the entering on the plaintiff's property. This point we decide against the county, and we instruct you that if the plaintiff has suffered injuries by reason of that, which you can consider on that point, you can find against county of Lehigh. I instruct you that there can be no finding here against the transit company, nor against the township, nor against the Lehigh Valley Railroad.] [3]

Verdict and judgment for plaintiff against the county of Lehigh for $1,400. The county of Lehigh appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Thomas F. Diefenderfer*, with him *C. J. Erdman*, for appellant.—The proceedings in this case resulted in the trial of a case between different parties, having no relation to the original parties or the subject-matter in dispute, and for an entirely different cause of action. This we do not believe is embraced within the powers given the courts to exercise : Leonard v. Parker, 72 Pa. 236 ; Rangler v. Hummel, 37 Pa. 130 ; Cochran v. Arnold, 58 Pa. 399 ; First Nat. Bank v. Shoemaker, 117 Pa. 94.

*John Rupp*, with him *Marcus C. L. Kline*, for appellee.—The cause of action for which the plaintiff was allowed to recover under the instructions of the court was the raising of the grade of the public road or highway along and in front of plaintiff's property, in making the approaches to a new county bridge built by the county, and the consequent injury to plaintiff's property. That for such injuries the county is liable in a proper action is beyond dispute : Chester County v. Brower, 117 Pa. 647.

A mistake may at any time be corrected by amendment, whether it arises from mistake of law or fact: Beringer v. Meanor, 85 Pa. 223; Druckenmiller v. Young, 27 Pa. 97; Fidler v. Hershey, 90 Pa. 363.

Parties to an action, whether plaintiffs or defendants, may be struck out or added whenever such amendments are necessary to a trial on the merits: R. R. v. Keller, 67 Pa. 300; Patton v. Ry., 96 Pa. 169; Seipel v. R. R., 129 Pa. 425; Hite v. Kier, 38 Pa. 72; Wood v. Philadelphia, 27 Pa. 502.

Even before the passage of the act of 1887, the distinction between the two forms of action, trespass and case, was somewhat shadowy: McIntire v. Westmoreland Coal Co., 118 Pa. 108; Duffield v. Rosenzweig, 144 Pa. 520.

OPINION BY MR. JUSTICE GREEN, July 15, 1897:

The learned counsel for the appellant, with entire candor, concedes that if the plaintiff suffered damage and had brought an action of case instead of an action of trespass, the county would be responsible. This was certainly ruled by this court in County of Chester v. Brower, 117 Pa. 647. But they contend that no recovery can be had in an action of trespass, and they complain that the county was brought in by way of amendment, not having been made a party at the inception of the suit. So far as the amendment as to parties is concerned it is not before us because no assignment of error has been made on that ground. But the county was brought in by means of an alias summons duly served, and appeared by counsel and pleaded to issue, and went to trial on the merits. Thereafter it could not be claimed that the county was not duly a party and bound by the proceedings. We do not concede that the amendment was not properly granted but it is not necessary to discuss the question for the reason above stated. The only matter seriously discussed by the appellant is the right to recover in the present form of action. It must be conceded that there would have been much force in the appellant's contention prior to the passage of the Procedure Act of May 25, 1887, P. L. 271, abolishing all distinctions between trespass and case. But in the case of Duffield v. Rosenzweig, 144 Pa. 520, we held that the effect of the act of 1887 was to abolish the distinctions between these actions, and that a recovery might be had in either form. Mr. Justice

CLARK, delivering the opinion said, "We are of opinion that perhaps an action of trespass technically so called, could not have been maintained, but by the Act of May 25, 1887, P. L. 271, the distinctions theretofore existing between actions of trespass, trespass on the case and trover, so far as they relate to procedure, were abolished, and although the plaintiff's statement sets forth his claim as in trespass, we cannot, in view of the provisions of the statute, distinguish in the form of the procedure one from the other. If the facts establish his right to recover in either form, therefore, he is entitled to judgment." It is true in the present case the action is in trespass, but the injury is consequential, and therefore at common law the remedy should have been in case. But the act of 1887 was intended to, and did, effect a radical change in the common law upon this subject, and as held in the above cited case, a recovery may be had in the action of trespass although the injury sustained was formerly remediable only in case. As to the fact and quantum of the injury the verdict is conclusive. The assignments of error are not sustained.

Judgment affirmed.


DISSENTING OPINION BY MR. JUSTICE MITCHELL:

I am unable to concur in this judgment. It sanctions a change which is not an amendment at all, but a substitution of a new cause of action against a new party, a perversion of the statutes of amendment going far beyond any precedent however liberal. It is no answer to say that the county appeared and thereafter is estopped from denying that it was a proper party. It had no choice in the matter. It was served with an alias summons, and pleaded under protest after the court had overruled its objection to being made party by the so-called amendment. These facts appear on the face of the record and are brought before us by the second assignment of error. The appellant may be liable for damage done to plaintiff but that fact should be ascertained by a proper action properly brought against it.