# Primrose *v.* Casualty Company, Appellant.

*Insurance—Accident insurance—Construction—Public conveyance—Automobiles—Taxicab company.*

1. As the words used in a policy of insurance are the language of the insurer, a salutary rule of construction requires them to be construed most favorably to the insured.

2. A clause in an accident insurance policy providing double indemnity if injuries should be received "while riding as a passenger in or on a public conveyance, provided for passenger service, and propelled by . . . . gasoline" covers injuries received by the insured while riding in an automobile propelled by gasoline, which had been hired from a taximeter cab company, engaged in the business of hiring automobiles for general public use, and which was in charge of and driven by a chauffeur in the employ of the company.

MESTREZAT and STEWART, JJ., dissent.

Argued Jan. 5, 1911. Appeal, No. 167, Jan. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 1,251, on verdict for plaintiff in case of Annie E. Primrose v. Casualty Company of America. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on an accident insurance policy. Before KINSEY, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $11,646.08 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant n. o. v.

*Thomas Leaming*, for appellant.—When seated in the touring car automobile, which had been hired by himself and his companions for their private and exclusive use, the deceased was not a passenger, nor was the automobile a public conveyance provided for passenger service, within the terms of the contract of insurance: McColligan v. R. R. Co., 214 Pa. 229.

*Ira Jewell Williams*, with him *Alex. Simpson, Jr.*, and *Francis Shunk Brown*, for appellee.—The insured was a passenger: Penna. R. R. Co. v. Price, 96 Pa. 256; Perry v. R. R. Co., 41 Pa. Superior Ct. 591; Fox v. Philadelphia, 208 Pa. 127; Coryell v. Dubois Boro, 226 Pa. 103.

The Bellevue-Stratford garage was a common carrier and its conveyances held open for general public hire and operated by its own chauffeurs were public conveyances: Ripley v. Insurance Co., 83 U. S. 336; Lloyd v. Storage & Transfer Co., 223 Pa. 148; Beckman v. Shouse, 5 Rawle, 179; Little v. Hackett, 116 U. S. 366 (6 Sup. Ct. Repr. 391); Missouri Pacific Ry. Co. v. Texas, etc., Ry. Co., 41 Fed. Repr. 316; Gibson v. R. R. Co., 226 Pa. 198.

OPINION BY MR. JUSTICE BROWN, July 6, 1911:

The defendant company issued an accident insurance

policy to Frank J. Primrose, the husband of the plaintiff, by the terms of which it covenanted to pay her $10,500 in the event of his sustaining bodily injuries which should result in his death.    In addition to this there was the following clause: "B. Double Indemnity.—If those injuries are received while riding as a passenger in or on a public conveyance, provided for passenger service, and propelled by steam, compressed air, gasoline, naphtha, electricity or cable, including passenger elevators, or while in a burning building, the amounts otherwise payable under Clause A shall be doubled."    While the policy was in force the insured and several friends were riding in an automobile hired by them from the Pennsylvania Taximeter Cab Company.    It was in the charge of and driven by a chauffeur in the employ of that company.    The night was dark and foggy and the machine left the road, striking a telegraph pole with such violence that all of the occupants were thrown out of it.    Primrose sustained injuries from which he subsequently died.    The appellant paid to the appellee the amount of the single indemnity, and in this action she recovered a judgment in the court below for the additional sum of $10,500, with interest, the trial judge having held that the injuries to the deceased were "received while riding as a passenger in a public conveyance provided for passenger service, and propelled by gasoline."    From that judgment we have this appeal, to be disposed of under undisputed facts.    No testimony was offered by the defendant, and there is no assignment of error complaining of anything proven by the plaintiff.

That the automobile in which the insured was riding was a conveyance is not questioned; that it was propelled by gasoline is conceded, and, if it was "a public conveyance, provided for passenger service," the deceased was a passenger in it within the terms of the double indemnity clause of the policy.    The only question, then, is, whether the conveyance was one embraced within that clause.

The contention of the learned counsel for the appellant is that the double indemnity clause is applicable only to

the case of a person occupying a place for which he pays a fare in a railway car or conveyance operated for the common use of himself and of such promiscuous persons as may happen to take passage en route, over which conveyance he exercises no control. It is to be noted that the clause was inserted by the insurer itself in the policy of insurance which it issued to the insured, and, if it intended that the same should have the restricted meaning for which its counsel now contend, it could have readily so worded the clause. The insurance company could have so framed it that there would now be no doubt that the appellee could not insist that it was intended to extend to her claim. It is next to be remembered that, as the words used in the clause are the language of the insurer, a salutary rule of construction requires them to be construed most favorably to the insured: Hughes v. Central Accident Insurance Co., 222 Pa. 462; May on Insurance, sec. 175; and, for the same reason, if the clause is capable of two interpretations equally reasonable, that is to be adopted which is most favorable to the insured: Bole v. New Hampshire Fire Insurance Co., 159 Pa. 53; McKeesport Machine Co. v. The Ben Franklin Insurance Co., 173 Pa. 53. "If the language of the policy is doubtful or obscure, it will be construed most unfavorably to the insurer: Merrick v. Germania Fire Insurance Co., 54 Pa. 277. A contract of insurance must have a reasonable interpretation, such as was probably in the contemplation of the parties when it was made; and when the words of a policy are, without violence, susceptible of two interpretations, that which will sustain a claim to the indemnity it was the object of the assured to obtain should be preferred: Humphreys v. National Benefit Association, 139 Pa. 264:" Frick v. United Fire Insurance Company, 218 Pa. 409. As applied to the admitted facts in the present case, we regard the double indemnity clause as having but one meaning.

The Pennsylvania Taximeter Cab Company was engaged in the business of hiring automobiles to the public—

"to the public generally," is the language of the witnesses describing its business. "Anybody at all," who was financially responsible, could hire one. The secretary and treasurer of the company testified: "They would be hired to anyone for rides or for other personal transportation as passengers from wherever they might get them to wherever they might want to go." The machines, however, were never turned over to the control and management of those who hired them, but were always operated by a chauffeur or driver in the employ of the company. All that those who rode in them did was to direct where they were to go. They were as much passengers in them as they would have been if riding in a specially chartered car of a railroad company from which all but themselves were excluded, the only difference being that, as automobiles do not run on rails, the occupants could select their own traveling route; and it is not to be pretended that the double indemnity clause does not include passengers riding on a specially chartered railroad car.

The words "public conveyance, provided for passenger service, and propelled by gasoline," are to receive a reasonable meaning. All conveyances are either for public or private use. The automobile in the case at bar was not one for merely private use. It belonged to a company which, as already stated, was engaged in the business of hiring automobiles for general public use. The use of no one of its machines was limited to any particular person, but anyone able to pay the price for the privilege of riding in it, while it was under the control of and being operated by one of the company's employees, could do so. In some cases a fare per head was charged for the use of the machine for a stipulated time or for a specified journey; in other instances there was a charge for the use of the car of so much by the hour, and, under this arrangement, the deceased and his friends hired the car in which they were riding.

Counsel for appellee have submitted most elaborate briefs in an effort to sustain the judgment of the court

below, but no parallel case is found in the innumerable authorities cited by them, and the general principles upon which they rely are not questioned.  We affirm the judgment because the conditions contemplated by the double indemnity clause existed at the time the automobile struck the telegraph pole, and concur with the learned court below in its opinion that "the injuries to the deceased were 'received while riding as a passenger in a public conveyance provided for passenger service, and propelled by gasoline,' within the reasonable meaning of, and the proper construction to be put upon the policy."

Judgment affirmed.

MESTREZAT and STEWART, JJ., dissent.