# Donnelly *v.* Philadelphia & Reading Railway Company, Appellant.

*Automobiles—Taxicabs—Common carriers—Definition of taxicab.*

1. Taxicabs are now so generally in use that they are included in the class of common carriers. The name is a coined one to describe a conveyance similar to a hackney carriage, operated by electric or steam power, and held for public hire at designated places subject to municipal control.

*Negligence—Automobiles—Taxicabs—Passengers—Liability for conduct of chauffeur.*

2. A person who hires a taxicab and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence.

*Negligence—Railroads—Automobiles—Taxicabs—Case for jury.*

3. In an action against a railroad company to recover damages for personal injury sustained by a collision at a grade crossing between a train and a hired taxicab in which the plaintiffs were riding, the case is for the jury, where the evidence shows that the plaintiffs hired the vehicle at a public stand; that it was driven by the chauffeur; that the night was very dark and rainy; that the plaintiffs after giving directions to the chauffeur as to their destination entered the taxicab and had no further conversation with the chauffeur; that at the time of the accident the plaintiffs were unaware that the cab was crossing or approaching a railroad; that the chauffeur did not stop before going upon the tracks; and that the train approached the crossing when the safety gates were up, at a high rate of speed and without any signal.

Argued Oct. 15, 1912.   Appeal, No. 53, Oct. T., 1912, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1909, No. 1,748, on verdict for plaintiff in case of

Ila G. Donnelly, Administratrix of Estate of Andrew J. Donnelly, deceased, v. Philadelphia & Reading Railway Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

At the trial it appeared that Andrew J. Donnelly and Willard F. Kerr were injured on the night of April 30, 1909, while riding in a taxicab by a collision between the cab and one of defendant's trains at Ninth street and Girard avenue in the city of Philadelphia.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Wm. Clarke Mason,* for appellant.—No negligence of defendant was shown: Anspach v. Ry. Co., 225 Pa. 528; Knox v. Ry. Co., 202 Pa. 504; Keiser v. R. R. Co., 212 Pa. 409; Cleary v. R. R. Co., 140 Pa. 19; Sheehan v. R. R. Co., 166 Pa. 354.

Where the driver of a taxicab fails to stop, his negligence is the proximate cause of the accident: Hoag v. R. R. Co., 85 Pa. 293; West Mahanoy Twp. v. Watson, 112 Pa. 574; Patton v. R. R. Co., 179 U. S. 658 (21 Sup. Ct. Repr. 275); Willis v. Armstrong County, 183 Pa. 184; Jennings v. Davis, 187 Fed. Repr. 703; McAnally v. R. R. Co., 194 Pa. 464; South-Side Pass. Ry. Co. v. Trich, 117 Pa. 390.

Under the circumstances there is no right of action against the railroad and the only chance of recovery which the passengers would have would be against their own carrier who in this instance would be either the driver or the owner of the taxicab.   This is shown in Phila. & Reading Railroad Co. v. Boyer, 97 Pa. 91; Dryden v. R. R. Co.,

211 Pa. 620; Dean v. R. R. Co., 129 Pa. 514; Thompson
v. R. R. Co., 215 Pa. 113; Kunkle v. Lancaster County,
219 Pa. 52; Wachsmith v. R. R. Co., 233 Pa. 465; Brom-
mer v. R. R. Co., 179 Fed. Repr. 577.

The mere fact that the vehicle was a taxicab obtained at
a public cab stand does not vest it with any charm to pro-
tect the hirer from the legal consequences of his act to any
greater extent than if it was a buggy and driver hired from
an ordinary livery stable: Lohrey v. R. R. Co., 36 Pa.
Superior Ct. 287; Proctor v. Lehigh Valley Transit Co.,
235 Pa. 373.

*Thomas Raeburn White* and *Page & Page*, for appellees.
—Defendant company was guilty of negligence: Con-
way v. P., W. & B. R. R. Co., 17 Phila. 71 (affirmed by
Supreme Court, 1886, No. 106); Roberts v. Delaware &
Hudson Canal Co., 177 Pa. 183; Messinger v. Penna.
R. R. Co., 215 Pa. 497.

The negligence of the defendant company was the
proximate cause of the accident.

The court could not have withdrawn the case from the
jury on the ground that plaintiffs were guilty of contribu-
tory negligence: Dean v. Penna. R. R. Co., 129 Pa. 514;
Sieb v. Traction Co., 47 Pa. Superior Ct. 228; O'Toole v.
R. R. Co., 158 Pa. 99; Jones v. T. R. Co., 202 Pa. 81;
Primrose v. Casualty Co., 232 Pa. 210.

OPINION BY ORLADY, J., February 27, 1913:

A verdict of $1,000 was recovered by the plaintiff, as
damage for injuries sustained by her husband when he and
one Willard F. Kerr were crossing the tracks of the defend-
ant company in a taxicab at Girard avenue, in the city
of Philadelphia.

Donnelly hired the taxicab and chauffeur at a public
stand or station, of the Bergdoll Taxicab Co., to take Mr.
Kerr and him to his home.   The night was very dark and
it was raining heavily, and after entering the cab neither
of the occupants gave any further instructions to the driver

or had any conversation with him.   The tracks of the defendant company cross Girard avenue at grade.   To protect the traveling public on Girard avenue the defendant company erected gates with arms extending over the highway, with extensions over the footway, which are operated by watchmen.

The taxicab proceeded on its route on the proper side of Girard avenue, and entered upon the railroad tracks without stopping, when it was struck by a newspaper train, which leaves the Reading Terminal at two o'clock A. M., and was running at a high rate of speed, without signal, by bell, or whistle, and with the safety gates raised over the crossing.

The chauffeur was instantly killed, the cab was destroyed, and the two passengers, Donnelly and Kerr, were severely injured.   The plaintiffs were unaware that the cab was crossing or approaching a railroad, they being unable to see out of the cab because of the falling rain and the darkness.

The foregoing facts are established by the verdict and the only assignment of error is, that the court declined the defendant's point to charge, to wit: "Under the evidence in this case, a verdict must be for the defendant," and in overruling the defendant's motion for judgment non obstante veredicto.

We have examined all of the testimony with great care, and from the evidence adduced by the plaintiff from Byrne, Morris, and Peck, who heard the approaching train and saw the taxicab, and knowing that an accident was inevitable, their attention being thus specially called to the transaction, the finding by the jury, that the safety gates were up, and that the train approached without signal, is sustained by credible evidence and must be treated as established.

The negligence of the railroad company, and that its negligence was the proximate cause of the accident, is clearly shown by the evidence.   Appellant, however, contends that the driver of the taxicab in failing to stop before entering

upon the tracks was guilty of contributory negligence which should be imputed to the occupants of the cab, so as to prevent a recovery by either of them. And further, that the passengers in the cab were guilty of contributory negligence in not giving directions in regard to crossing the railroad tracks, as they were familiar with its location and the surroundings.

These passengers were seated in a closed public taxicab, which was driven by an employee of the taxicab company. Their relation to the driver is clearly stated in Bunting v. Hogsett, 139 Pa. 363, "The identification of the passenger with the negligent driver or the owner, or the carrier, as the case may be, without his co-operation or encouragement, is gratuitous assumption. There is no such identity. The parties are not in the same position. The owner of a public conveyance is a carrier, and the driver, or the person managing it, is his servant; neither of them is the servant of the passenger, and his asserted identity with them is contradicted by the general experience of the world." The general rule undoubtedly is, if a person suffers injury from the joint negligence of two parties, and both are negligent in a manner which contributes to the injury, they are liable jointly and severally, and it would seem in principle to be a matter of no consequence that one of them is a common carrier. Neither the comparative degrees of care required, nor the comparative degree of culpability established, can affect the liability of either."

Taxicabs are now so generally in use that they are included in the class of common carriers. The name is a coined one to describe a conveyance similar to a hackney carriage operated by electric or steam power, and held for public hire at designated places, subject to municipal control. A person who hires such a public conveyance and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence: Little v. Hacket, 116 U. S. 366; Huddy on Automobiles, p. 279.

The relation of the passenger to the chauffeur has been so recently considered by this court in Sieb v. Traction Co., 47 Pa. Superior Ct. 228, that it is not necessary to repeat the authorities, and the conclusion reached in that case is controlling in this one.    See also Primrose v. Casualty Co., 232 Pa. 210.

Under the facts as developed by the plaintiff's evidence, the court very properly submitted it to the jury. The assignments of error are overruled and the judgment is affirmed.