# Spontak, Appellant, *v.* Public Service Commission.

*Public Service Company Law—Common carriers—Operating automobiles as common carriers—Evidence.*

On a complaint against an owner of an automobile who keeps his car standing upon the public streets and solicits passengers at a uniform charge of 25 cents per passenger carried, and during the time that he was operating his car, carried all passengers who applied, up to the limit of the capacity of the car, a finding of the Public Service Commission, holding him to be a common carrier and ordering him to cease from carrying passengers until he shall have obtained a certificate of public convenience, is reasonable and in conformity with law.

Argued April 24, 1919. Appeal, No. 130, April T., 1919, by respondent, from order of the Public Service Commission of the Commonwealth of Pennsylvania in

the case of Charles Spontak v. The Public Service Commission of the Commonwealth of Pennsylvania, on appeal. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Complaint before the Public Service Commission that the respondent was operating an autobus as a common carrier at Lambert, Fayette County. The commission made an order that the respondent cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit, operating a motor vehicle as a common carrier, until he should obtain a certificate of public convenience in accordance with the provisions of the Public Service Company Law. Respondent appealed.

*Error assigned* was the order of the commission.

*George Patterson,* for appellant.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY PORTER, J., October 13, 1919:

The Public Service Commission, after complaint duly filed and a full hearing, determined that the appellant was operating, as a common carrier, a motor vehicle, and ordered him to cease and desist from carrying on or engaging in said public service, until he shall have obtained from the commission a certificate of public convenience in approval thereof. The defendant appeals from that order.

The only question presented by this appeal is, was there competent evidence sufficient to warrant the finding that the appellant was operating his motor car in the carrying of passengers for hire in such a manner as to constitute him a common carrier? We are not called upon to pass on the weight of the evidence; it is not for

us to say that the commission ought to have believed one witness rather than another. There was testimony to the effect that the appellant was the owner of a Ford touring car which he, a part of the time, operated as a taxicab, between Masontown and Ronco. He would keep the car standing upon the public street and solicit passengers; he made five or six trips a day and had a uniform charge of 25 cents per passenger carried, and during the time that he was operating his car he carried all passengers who applied, up to the limit of the capacity of the car. This testimony was sufficient to sustain the finding that the appellant was a common carrier of passengers: Lloyd v. Haugh, 223 Pa. 148; Terminal Taxicab Co. v. District of Columbia, 241 U. S. 254. The fact that the defendant did not operate his car constantly did not take him out of the class of common carriers of the public; the public does not mean everybody all the time: Peck v. Tribune Co., 214 U. S. 185.

The order is affirmed, and the appeal dismissed at costs of the appellant.