# Piercely, Appellant, *v.* Public Service Commission.

*Public Service Company Law—Common carriers—Automobiles—Operation as common carrier.*

An order of the Public Service Commission addressed to a certain owner of an automobile, holding him to be a common carrier and commanding him to desist from the operation thereof until a certificate of public convenience be obtained, will be sustained where the evidence establishes the fact that the respondent operated his car upon the principal streets of the municipality, solicited patronage of the public, and held himself ready to transport passengers up to the limit of the capacity of his car, receiving indifferently all persons who applied for transportation.

Where the finding of the commission that the respondent was operating as a common carrier was based upon competent evidence its decision will not be reversed on appeal.

Argued April 24, 1919.    Appeal, No. 123, April T., 1919, by respondent, from order of the Public Service Commission in the case of William Piercely v. The Public Service Commission, on appeal.    Before ORLADY,

P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Affirmed.

Complaint of Masontown Taxi Company before the Public Service Commission that the respondent was operating an autobus as a common carrier without a certificate of public convenience and in violation of Section 2, of Article III, of the Public Service Company Law.

The commission made an order directing the respondent to forthwith cease and desist from operating a motor vehicle as a common carrier until he should have obtained a certificate of public convenience in approval thereof, in accordance with the provisions of the Public Service Company Law.

*Error assigned* was the order of the commission.

*George Patterson,* for appellant.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY PORTER, J., December 8, 1919:

Complaint having been duly filed with the Public Service Commission by the Masontown Taxicab Company, a public service corporation operating autobusses as a common carrier under a certificate of public convenience, averring that the respondent, who is here the appellant, was operating an autobus as a common carrier of passengers at Masontown and the vicinity thereof, without having obtained a certificate of public convenience, the Public Service Commission, after a hearing, issued an order that the respondent forthwith cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit: "operating as a common carrier a motor vehicle, until he shall have obtained from the commission a certificate of public convenience

in approval thereof." The respondent has appealed from that order. The appeal presents but one question. Was the finding of the commission that the respondent was operating a motor vehicle as a common carrier of passengers, sustained by competent evidence?

There can be no doubt, under the evidence, that the appellant was the owner of an automobile which he used at least a part of the time, for the purpose of transporting passengers back and forth between Masontown and Mt. Sterling. The respondent would take a stand with his car upon the principal street of Masontown and there solicit the patronage of the public, holding himself as ready, for hire, to transport passengers, up to the limit of the capacity of his car, to Mt. Sterling, receiving indifferently all persons who applied for transportation. This manner of doing business is entirely different from that of the keeper of a garage, who, at his place of business, hires motor cars, upon individual bargains, to those who apply. The argument that the appellant was not a common carrier, for the reason that he did not operate his car all the time is not well founded. No carrier serves all the public. His customers are limited by place, requirements, ability to pay and other facts. The public does not mean everybody all the time. The finding of the commission that the appellant was operating as a common carrier was based upon competent evidence and we would not be warranted in holding it to be unreasonable: Scranton Ry. Co. v. Fiorucci, 66 Pa. Superior Ct. 475; Donnelly v. P. & R. Ry. Co., 53 Pa. Superior Ct. 78; Lloyd v. Haugh, 223 Pa. 148; Terminal Taxicab Co. v. District of Columbia, 241 U. S. 252. We find no ground for holding that the determination of the commission was not in conformity with law.

The order of the commission is affirmed, and the appeal is dismissed, the costs to be paid by the appellant.