# Adams, Appellant, *v.* The Public Service Commission.

*Public Service Commission — Public Service Company Law — Common carrier—Automobiles—Operation as a common carrier.*

An order of the Public Service Commission, addressed to an owner of an automobile, commanding him to cease and desist from the operation thereof as a common carrier, and subsequently fining him for failure to obey the order of the commission, will be sustained, where the evidence established the fact that the respondent operated his car as a taxicab upon the public streets of the municipality, solicited passengers at the railroad station and other places of public resort, and gave receipts for money paid as "taxicab service" and "fares."

Where the finding of the commission, that the respondent was operating as a common carrier was based on competent evidence, its decision will not be reversed on appeal.

Argued April 22, 1921. Appeal, No. 95, April T., 1921, by respondent, from order of Public Service Commission of the Commonwealth of Pennsylvania in the case of Fulton L. Adams v. The Public Service Commission, on appeal. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Complaint of Shaw Motor Company before the Public Service Commission, that the respondent was operating

an automobile as a common carrier without a certificate of public convenience, in violation of section 2 of article 3 of the Public Service Company Law.

The commission made an order on September 15, 1919, directing the respondent to forthwith cease and desist as operating a motor vehicle as a common carrier, until he obtained from the Public Service Commission, a certificate of public convenience.

An application was made to the commission on November 18th, by the respondent for such certificate, which was refused. Subsequently, on further complaint and it appearing that the respondent was operating as a common carrier without a certificate of public convenience, the commission made an order under date of October 5, 1920, imposing a fine of $100 upon the respondent.

*Error assigned* was the order of the commission.

*Benjamin H. Thompson,* for appellant.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY PORTER, J., October 12, 1921:

Complaint having been filed alleging that this appellant was operating motor vehicles as a common carrier of passengers, without having procured a certificate of public convenience, the Public Service Commission, after a full hearing, ordered the appellant, on September 15, 1919, his servants and agents to cease and desist from operating motor vehicles as a common carrier for the transportation of passengers, until he had obtained from the Commission a certificate of public convenience, in approval thereof. The appellant subsequently applied for a certificate of public convenience, approving his operations as a common carrier of passengers, which

after hearing was by the Public Service Commission, on November 18, 1919, refused.    Complaint was subsequently filed with the commission alleging that the appellant was, in violation of the order of the commission of September 15, 1919, unlawfully operating motor vehicles as a common carrier of passengers, to which complaint the appellant filed an answer denying that he was so operating as a common carrier of passengers.    The Public Service Commission after a full hearing found that the respondent has operated a motor vehicle as a common carrier for the transportation of passengers since January 1, 1920, and ordered him to forfeit and pay to the Commonwealth of Pennsylvania the sum of one hundred dollars, being the penalty for two days' violation of the order of the commission issued on September 15, 1919, from which order we have this appeal.    The appellant in his paper-book thus states the question involved: "Is the respondent, under the law and the evidence, a common carrier of passengers?"

The appellant, in his testimony before the Public Service Commission, substantially admitted that he had, prior to September 15, 1919, been operating a motor vehicle, a taxicab, as a common carrier in the transportation of passengers, but positively denied that he had so operated subsequently to the date of the said order of the commission.    The Public Service Commission having found that the appellant had operated a motor vehicle in a manner which violated this order, the only question here presented is, was there competent evidence sufficient to warrant the finding that the appellant was operating his motor car in the carrying of passengers for hire in such a manner as to constitute him a common carrier. There was testimony which, if believed, established that the appellant was the owner of a motor vehicle which was operated by himself as a taxicab, upon the public streets of New Kensington, Westmoreland County, and vicinity.    He would keep his car standing upon the public streets, at the railroad station and other places of pub-

lic resort, and there solicit passengers. The testimony of the witnesses for the complainant indicates that he thus used one of the motor vehicles which he owned every day and all the time, except when engaged in driving one of his other cars upon the occasion of a wedding or funeral. On at least two occasions he signed and gave to passengers whom he had carried receipts which designated the amount of money paid as paid "for taxicab service," and one of said receipts specified that the amount paid was "2 fares." The appellant, it is true, testified that he had signed those receipts in blank and that he was not responsible for the recitals therein contained, but in this he was positively contradicted by the witnesses to whom he had given the receipts. If the witnesses for the complainant were telling the truth, then this appellant operated his motor vehicle, subsequently to September 15, 1919, in precisely the same manner that he had operated it prior to that date, during which earlier period he admitted that he had operated in the general taxicab business. The truth of these statements was positively denied by the appellant and by witnesses whom he called to corroborate him. We are not called upon to pass on the weight of the evidence; it is not for us to say that the commission ought to have believed one witness rather than another. The finding of the commission that the appellant was operating as a common carrier was based upon competent evidence. We find no ground for holding that its determination was unreasonable or not in conformity with law, and the order must be affirmed: Piercely v. Public Service Commission, 73 Pa. Superior Ct. 212; Spontak v. Public Service Commission, 73 Pa. Superior Ct. 219.

The order of the commission is affirmed and the appeal dismissed at cost of the appellant.