## Brightman Manufacturing Co. v. Taylor & Co.

*Practice, C. P.—Partnership—Suit against—Failure to set forth names of partners—Amendments.*

1. It is a fatal mistake in a suit against a partnership to omit the names of the individual partners.

2. Such a suit cannot be amended.

Affidavit of defence raising questions of law. C. P. Lehigh Co., Oct. T., 1921, No. 75.

*Fred G. W. Runk,* for plaintiff and rule; *Calvin E. Arner,* contra.

RENO, J.—Plaintiff sues defendant in *assumpsit.* The writ was served "upon Wm. H. Taylor & Co., . . . by handing a true and attested copy thereof, at its place of business, . . . to Charles S. Beckwith, manager for the time being in charge thereof, . . . and, upon inquiry, the defendant's residence in the county is not ascertained." Charles S. Beckwith, on behalf of Wm. H. Taylor & Co., files an affidavit of defence raising questions for the decision of the court, averring that Wm. H. Taylor & Co. is a partnership consisting of William H. Taylor and Charles S. Beckwith; that the partnership is not suable *eo nomine,* but that the suit must be instituted against the partners as individuals trading under a firm name. Plaintiff thereupon moved to amend so that the name of defendants shall read "William H. Taylor and Charles S. Beckwith, partners, trading as Wm. H. Taylor & Co."

It is obvious that the suit as it now stands is a nullity for want of a defendant, which the law recognizes as a suable entity. If Wm. H. Taylor & Co. were a corporation, it would be suable as such, but Wm. H. Taylor & Co., a partnership, is suable only in the names of the partners: McConnell *v.* Apollo Savings Bank, 146 Pa. 79; Hoffman *v.* Faulk, 5 Dist. R. 774; Wharton *v.* Rosengarten, 3 W. N. C. 258.

Can plaintiff cure his defective suit by an amendment? Amendments are allowed when the effect is to correct the name under which the right party was sued, but not when its effect is to bring a new party on the record: White *v.* Fayette Automobile Co., 43 Pa. Superior Ct. 532, approved in McGinnis *v.* Valvoline Oil Works, 251 Pa. 407. The distinction is between those cases where the right defendant is mistakenly sued under a wrong name and those where the purpose of the amendment is to substitute entirely new parties not theretofore appearing in the record: Markowitz *v.* Arrarat Dye Works, 73 Pa. Superior Ct. 219. The right parties to be sued are William H. Taylor and Charles S. Beckwith. The party sued is Wm. H. Taylor & Co. They are not the same parties; for, although the latter is the name of an association composed of the former, the latter is not a party at all. Hence, the effect of the proposed amendment is not to place upon the record the right defendant, who has been mistakenly sued under a wrong name, but to bring entirely new parties upon the record. No party whatever was sued, and if the amendment were allowed, the effect would be to supply defendants to a suit where none existed before. Or, to state it in the language of the learned counsel for defendant, "while the court may aid the plaintiff, if he has one leg to stand upon, it will not furnish him with two legs, when he has none." It is not an answer to this proposition to say that Beckwith is already a party because of the service upon him, for it clearly appears that he was served, not as a party defendant, but as the manager found upon the premises.

The case of Miller *v.* Lehigh County, 181 Pa. 622, strongly relied upon by plaintiff, is not controlling. In that case the suit was originally brought against the Allentown and Bethlehem Rapid Transit Company alone, and

3 D. & C.

thereafter the court permitted the record to be amended by adding the Lehigh Valley Railroad Company, the County of Lehigh and the Township of White-hall as co-defendants with the Allentown and Bethlehem Rapid Transit Company. The effect of the amendment was to add new names as parties defendant, but the names were added to an existing legal entity, properly sued as a defendant and in court as such defendant.

Now, July 18, 1922, rule to show cause why amendment prayed for should not be allowed is discharged; the questions of law raised for the decision of the court by the affidavit of defence are sustained, and the prothonotary is directed to enter judgment for the defendant and against the plaintiff, without prejudice, however, to the right of plaintiff to institute a new action.