## Chandler v. Bashline

*Albert E. Acker*, for plaintiff.
*David W. Ketler*, for defendants.

McKay, J., July 31, 1961.—There are before the court preliminary objections filed by plaintiff to defendants' counterclaim in this action of assumpsit.

On January 25, 1960, defendants sold their farm in Pine, Springfield and Findley Townships to plaintiff for $18,000 under articles of agreement which provided for the subsequent delivery of a deed and mortgage.

The mortgage was executed and delivered on February 9, 1960, in the amount of $16,000 and recorded March 3, 1960. After describing the land, the conveyance clause of the mortgage read:

"Together with all and singular the buildings, improvements, *woods*, ways, rights, liberties, privileges, hereditaments, and appurtenances to the same belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof." (Italics supplied.)

In the complaint, plaintiff sets forth in seven causes of action certain alleged violations of the articles of agreement on the part of defendants, such as failure to remove manure, concealment and misrepresentation as to termites in the house and barn and as to the water system, the quantity of machinery and equipment, the conditions of fences, and the like. Also, he claims that a subsequent survey disclosed that the farm did not contain as many acres as the agreement called for.

Defendants filed a responsive answer containing as new matter an averment that all of the disputed items had been discussed and settled by the parties subsequent to plaintiff taking possession of the farm.

In the counterclaim, defendants allege that plaintiff has cut down, removed and sold a large quantity of timber from the farm without the knowledge and consent of defendants, thereby substantially diminishing the security of defendants' mortgage. Defendants further aver that the amount of timber removed is unknown and demand judgment against plaintiff for an amount in excess of $5,000.

The preliminary objections are in the nature of a demurrer to the counterclaim and, in the alternative, a demand that it be made more specific.

The issue presented by the demurrer is whether, in an action in assumpsit to recover damages for the violation of articles of agreement for the sale of land pursuant to which a deed and mortgage were subsequently entered into, the mortgagee can file a counterclaim for the value of timber removed by the vendee mortgagor subsequent to taking possession.

We are of the opinion that such a counterclaim may not be filed.

Under Pennsylvania Rule of Civil Procedure 1031, a defendant in an action of assumpsit is entitled to set forth in the answer under the heading "counterclaim" any cause of action or set-off which he has against plaintiff at the time of the filing of the answer:

". . .(1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual."

Defendants' counterclaim fails to meet either of these requirements.

Plaintiff's acts in removing the timber do not in any sense arise from the same transaction or occurrence or series thereof from which plaintiff's cause of action arose. Plaintiff's cause of action is based on alleged violations by defendants of the articles of agreement for the sale of the land. Plaintiff's alleged removal of timber does not violate any of the conditions of the agreement of sale. It is an independent act committed by him after the transaction had been closed by the delivery of deed and mortgage and after he had entered into possession of the farm.

It is true that plaintiff is indebted to defendants but that indebtedness is set forth in and limited to the mortgage which he gave as security for the balance of the purchase price, and there is no claim made that plaintiff is in default in his mortgage payments.

It is equally true that the cause of action which defendants set up in their counterclaim does not arise from the contract nor is it quasi-contractual in nature. It is in the nature of an action of waste, which is of a tortious nature, and further, one not available to a mortgagee in a situation like the present one.

Prior to the adoption of Pennsylvania Rules of Civil Procedure 1576 through 1581, effective November 1, 1960, there were two remedies available to a mortgagee against a mortgagor removing timber under such circumstances that it is to the prejudice of the former.

1. A writ of estrepement to stay waste, a common-law, preventive action, clarified by Pennsylvania statutes, viz.: Act of March 29, 1822, P. L. 86, 7 Sm. L. 520, 12 PS §§1465, 1466; Act of April 22, 1850, P. L. 549, 12 PS §§1470, 1471; Act of April 22, 1850, P. L. 549, 12 PS §1472; Act of June 2, 1871, P. L. 290, 12 PS §1482. All of these acts, however, were suspended by Pa. R. C. P. 1581.

2. An injunction to restrain the cutting down of timber: Smith & Fleck's Appeal, 69 Pa. 474: Angier v. Agnew, 98 Pa. 587; Witmer's Appeal, 45 Pa. 455, 456; Knoll v. Railway Co., 121 Pa. 467; Haven v. Pearson, 334 Pa. 570. Owners out of possession, other than mortgagees, had, in addition, the remedy of trespass: Miller v. Lehigh County, 181 Pa. 622, formerly trespass on the case: Roberts v. The Dauphin Deposit Bank, 19 Pa. 71. The remedy of the action in trespass, however, was not available to a mortgagee against a mortgagor for cutting and selling timber, the mortgagor having a right, as owner, to do so until stopped by estrepement or injunction: Hoskin v. Woodward, 45 Pa. 42; Angier v. Agnew, supra.

In our opinion, this right is not affected by the specific inclusion of "woods" in the conveyance clause of the present mortgage. Mortgages generally cover the timber growing on the mortgaged premises.

We know of no authority for an action in assumpsit in the nature of waste, unless it be the case of Webb v. Curtis, 64 Montg. 180, with which we do not agree.

Pennsylvania Procedural Rule 1576 provides for the issuance by the court of an injunction pendente lite

to restrain waste of real property in a pending action in either law or equity, and rule 1577 provides, as to original actions: "Where no action is pending in which a petition to restrain waste may be filed, the procedure in an action to restrain waste shall be in accordance with the rules relating to the action in equity." Defendants' remedies are limited to the procedure specified in those rules. In particular, they have no right of action against plaintiff in the nature of an action of waste, whether in trespass or assumpsit, because of his cutting and removing timber from the mortgaged premises.

For these reasons, the counterclaim of defendants in the present case is not authorized by law, and the preliminary objections in the nature of a demurrer must be sustained. It is not necessary to consider the alternative objection requesting that a more specific counterclaim be filed.

### Order

Now, July 31, 1961, it is ordered that plaintiff's preliminary objections in the nature of a demurrer to defendants' counterclaim be sustained and that judgment be entered for plaintiff on the counterclaim.