# Harmony Electric Co. *v.* Public Service Commission et al., Appellants.

*Public service companies — Electric companies — Boroughs — Streets—Consent of borough—Jurisdiction—Competing companies —Act of May 8, 1889, P. L. 136; July 26, 1913, P. L. 1374.*

1. The Public Service Commission is without jurisdiction to restrain an electric company duly organized, existing, and, in good faith, furnishing service within its chartered territory, prior to January 1, 1914, (when the Public Service Act became operative) from furnishing electric current in such territory without a certificate of public convenience.

2. The Act of July 26, 1913, P. L. 1374, does not contemplate that a certificate of public convenience shall be obtained by a corporation already doing business on January 1, 1914, for each step in the advancement of its service within unabandoned territory.

3. In view of the fact that the Act of May 14, 1889, P. L. 216, prohibits the use of the streets in the borough without the consent of the borough, an electric company existing prior to January 1, 1914, which has not obtained such consent, may be limited to such service as it could render without entering on any of the streets of the borough.

4. The act gives the boroughs the right simply to forbid the use of their streets, but not to prohibit a company from exercising its charter powers within the municipal limits when this can be done without the use of streets.

5. The public service commission, in refusing to approve a contract between an electric company and a borough or in annexing conditions to an application which it grants, cannot, either directly or indirectly, take away from the company any of its chartered powers, which it had not forfeited by laches, nonuser, or other default.

Argued October 10, 1922. Appeal, No. 116, Oct. T., 1922, by Pennsylvania Power Co., from judgment of Superior Court, April T., 1922, No. 51, modifying order of the Public Service Commission, Complaint Docket No. 4115, in case of Harmony Electric Company v. Public Service Commission and Pennsylvania Power Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from Superior Court.  See 78 Pa. Superior Ct. 271.

The opinion of the Supreme Court states the facts.

Order modified.  Pennsylvania Power Co. appealed.

*Errors assigned* were order and various excerpts from the opinion of the Superior Court, quoting them.

*Berne H. Evans,* with him *Douglass D. Storey,* for appellant.

*David I. McCahill,* of *McCahill & McCahill,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

On complaint of the Pennsylvania Power Company, a corporation, furnishing service by means of electricity in the Borough of Ellwood City, the Public Service Commission made an order which, in effect, prohibits the Harmony Electric Company, a corporation also enjoying a charter right to furnish electric service in the same borough, from "supplying electric current to consumers" in the territory in question; the order likewise enjoins the Harmony Company from constructing "any additional facilities" for that purpose, without first obtaining a certificate of public convenience evidencing the approval of the commission.

When the case came before the Superior Court, it held (78 Pa. Superior Ct. 271) that the Harmony Company had "a right......without first securing a certificate of public convenience......to construct its line and supply current......in such parts of the Borough of Ellwood City as do not require it to enter upon any of the streets or highways of said borough," or to use a certain "high-tension line" theretofore constructed by it within the borough limits; and that tribunal formally modified the order of the commission so as to provide

that the "Harmony Company shall cease......from constructing a distribution line or any facilities for the purpose of supplying electric current which will constitute an entry or encroachment upon, under or over, any of the streets or highways of the borough......until the consent of the said borough to such entry has first been obtained......and approved by the Public Service Commission." The Pennsylvania Power Company has appealed from the order making this modification.

The Harmony Company (appellee) was formed, under the Act of April 29, 1874, P. L. 73, and its several supplements, particularly the Act of May 8, 1889, P. L. 136, by the consolidation of twenty-six other electric companies, all incorporated under the laws of this State; among those entering into this merger was the Ellwood Electric Company, which was incorporated May 26, 1913, for the purpose of supplying light, heat and power by means of electricity to the public in the Borough of Ellwood City.

The Superior Court found from the evidence before it that the Harmony Company had been "carrying on business in good faith," and furnishing service to the public in the territory covered by the charters of certain of its constituent companies, "before the Public Service Company Law went into effect," that it had made repeated attempts "to perform its chartered powers within the Borough of Ellwood City," but had been hampered in this latter respect by several complaints to the Public Service Commission; and, specifically, that there was nothing on the record to convict the Harmony Company of "laches," or "default," in "its attempts to perform its chartered powers within the Borough of Ellwood City."

On above findings, the Harmony Company (so far as the portions of the Borough of Ellwood City here in contemplation are concerned, namely, such parts as it could lawfully enter without municipal consent) was not a proposed public service corporation, but one duly organized, existing, and, in good faith, furnishing service

within its chartered territory, prior to January 1, 1914, (when the Public Service Company Law became effective), which had in no sense abandoned its right to function in the particular place in controversy,—a locality covered by the charter of one of its constituent companies; therefore the Superior Court held, correctly, that the Public Service Commission lacked jurisdiction to restrain, absolutely, this corporation from exercising its chartered powers in such locality, without a certificate of public convenience. In view, however, of the provision contained in the Act of 1889, supra, that no company incorporated under its provision "shall enter upon any street in any city or borough......until after the consent to such entry, of the councils of the city or borough in which such street may be located, shall have been obtained," and, since the Public Service Company Law (Act of July 26, 1913, P. L. 1374, article 111, section 2) requires that such consent, when received, shall be approved by the commission, the Superior Court, very properly, limited the Harmony Company to such service as it could render without entering upon any of the streets of the borough. The statute creating the Public Service Commission does not contemplate that a certificate of public convenience shall be obtained by a corporation like the appellee,—which was already doing business on January 1, 1914,—for each step taken in the advancement of its service within unabandoned chartered territory.

We cannot agree with the contention of appellant that the correct construction of the Act of 1889 forbids any and all service by a company, enjoying charter rights within a borough, until the consent of the municipal authorities is first obtained, whether or not streets are to be occupied in rendering such service; on the contrary, we think the above-quoted provision must be read as it is written, and, when so read, it gives to boroughs the right simply to forbid the use of their streets, but not to prohibit a company from exercising its charter

powers within the municipal limits when this can be done without the use of streets, as proposed in the present case, appellee's intention being to serve only certain customers located near the boundary lines of the borough.

On prior occasions, the Public Service Commission refused to approve a tentative contract between the Harmony Company and the Borough of Ellwood City, and, in approving the construction of the aforementioned "high-tension" transmission line through the borough (paragraph 2, of this opinion) that body granted its permission on condition that this line should not be used by appellee to furnish electric light or power within the municipality. We cannot sustain appellant's contention that, since, in rendering any character of service, appellee might infringe these rulings, and create the competitive situation which it was then sought to prevent, the commission, in order to enforce its decrees, can now require the corporation against which they were made to obtain a certificate of public convenience before the latter can perform any of its charter rights within the borough limits. As to these matters, we agree with the Superior Court that "the Commission,......in refusing the one application or in annexing conditions to the other,......could not [either directly or indirectly] take away from the electric company any of its chartered powers......which it had not forfeited by laches, nonuser or other default"; yet this, in effect, is what the affirmance of appellant's position would mean.

As to the alleged use of "Tenth Street" for a proposed service line of the Harmony Company, there is no finding by the commission that this thoroughfare has been, or is to be, employed by appellee for that or other purposes, and the company expressly disavows an intention to use either the street in question, or any other highway, in its proposed service. On this point, we need add only that, since such use would be a violation of the orders of the commission and the rulings of the Superior Court, the rights of appellant, and others, in that respect, are

sufficiently protected; which may be said also of any attempt to use the before-mentioned "high-tension" line.

The rules of law governing the several points here involved have all been so fully discussed by us in recent cases, and by the Superior Court, that it would serve no useful purpose to go over the ground again at this time; it is sufficient to say that, so far as statutory construction and legal principles are concerned, there is nothing decided herein which is either new or in conflict with our prior decisions; hence, the citation or discussion of authorities is unnecessary.

The first assignment of error, which complains of the final order of the Superior Court, is overruled, and the other assignments, which simply complain of excerpts from the opinion of that tribunal, are dismissed.

The order appealed from is affirmed.