## City Transfer Company, Appellant, *v.* Public Service Commission et al.

*Public Service Company Law—Carriers—Charter provisions—Act of July 9, 1901, P. L. 624—Scope of business—Exercise of powers—Taxi and baggage transfer—New class of business—Bus line—Public Service Company—Necessity of approval.*

A corporation organized under the Act of July 9, 1901, P. L. 624, for the purpose of "transferring persons and property to and from railroad stations, from railroad station to railroad station, and to and from points" in a designated district "by means of coaches, cabs—or other conveyances of similar character" is not inherently a common carrier.

Such corporation is not obligated to become a common carrier nor is it guaranteed the privilege of doing business as such, whenever it sees fit to do so and in as various forms as it may undertake, without preliminary approval by the Commission. Whether or not it has become a common carrier depends upon the manner in which it conducted its business and the character of its operations.

Where the operations of such corporation were confined to a call and demand taxi and baggage transfer business prior to the effective date of the Public Service Company Law, it may not, after such date, furnish transportation by busses operating on a regular schedule between fixed termini over a definite route without securing a certificate of public convenience from the Public Service Commission.

Argued March 15, 1928. Appeal No. 20, March T., 1928, by plaintiff from order of Public Service Commission, Complaint Docket Nos. 7004 and 7020, in the case of City Transfer Company v. The Public Service

Commission of the Commonwealth of Pennsylvania, and Harrisburg Railways Company.   Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Complaint before the Public Service Commission that the respondent proposed to operate motor busses between fixed termini over a definite route for transportation of persons as a common carrier.

The Commission made an order that the respondent should not transport persons for hire by means of motor vehicles on schedule and over the route referred to in its report, unless and until the approval of the Commission was first had and obtained.   Respondent appealed.

*Error assigned*, among others, was the order of the Public Service Commission.

*Frank M. Hunter*, of *Hannum, Hunter & Hannum*, for appellant, cited: People's Natural Gas Company v. Public Service Commission, 279 Pa. 252, 263; Pennsylvania Utilities Company v. Public Service Commission, 69 Pa. Superior Ct. 612; Harmony Electric Co. v. Public Service Commission, 275 Pa. 542; New Castle Electric Company v. Public Service Commission, 70 Pa. Superior Ct. 20; Howley v. Central Valley R. R. Co., 213 Pa. 36, at 41.

*Wendell Y. Blanning*, Assistant Counsel, and with him *John Fox Weiss*, Counsel, and *E. Everett Mather, Jr.*, Legal Assistant, for Public Service Commission, cited: Fogelsville & Trexlertown Electric Co. v. Pennsylvania Power & Light Company, 271 Pa. 237.

OPINION BY KELLER, J., April 16, 1928:

Appellant is a Pennsylvania corporation, incorporated in 1904 for the purpose of "transferring persons

and property to and from railroad stations, from railroad station to railroad station, and to and from points in the City of Harrisburg, Pennsylvania, and vicinity, by means of coaches, cabs, carriages, wagons, by horsepower or automobiles, or conveyances of similar character.'' The charter was granted pursuant to the Act of July 9, 1901, P. L. 624, which authorized the organization of corporations ''for the transaction of any lawful business not otherwise specifically provided for by act of Assembly.''

It is not stated in the charter that the company when incorporated is to be a common carrier; nor does the statute authorizing its incorporation so provide. It is not inherent in its purpose, as is the case with railroads, street railways, express and telegraph companies. The same language could be used appropriately by a company desiring to be incorporated as a private carrier. It did not obligate appellant to become a common carrier, on the one hand; nor on the other, did the State, in granting the charter, guarantee appellant the privilege of doing business as a common carrier whenever it saw fit to do so and in as various forms as it might in the future undertake, free of preliminary approval by the Commonwealth or its appointed agent. Whether the corporation became a common carrier or not depended not on its charter but on the manner in which it conducted its business—whether it held itself out as a common carrier, and the character of its operations.

The business which the appellant company actually engaged in, following its incorporation, was the transportation of persons and baggage to and from railroad stations and points in the City of Harrisburg and vicinity on call or demand; the renting of touring cars or other vehicles with driver by the hour; in fact and substance, what is commonly known as a taxi and baggage transfer business. The Commission has found— and the evidence supports the finding—that from the

date of its incorporation appellant never furnished any transportation service on a regular schedule between fixed termini over a definite route. It now proposes to do this with large motor busses, and claims the right to do so without securing a certificate of public convenience from the Commission, on the ground that it was engaged in business as a common carrier when the Public Service Company Law went into effect.

It requires little consideration to see that the business appellant now proposes to engage in is very different in its operations from the taxi and baggage transfer business which it has been carrying on since its incorporation; that though both are concerned with the transportation of passengers, the mode and character of their operations are widely dissimilar.

The question before us is not whether appellant's charter is broad enough to include the proposed new business operation,—though it is food for consideration whether it is not in effect a species of stage or omnibus line specifically provided for by the Act of June 10, 1893, P. L. 435, and therefore excluded from its chartered powers—, but whether it may engage in such business without first obtaining a certificate of public convenience from the Commission.

An individual engaged in business as a common carrier is a public service company within the meaning of the Public Service Company Law, and subject to the regulation and supervision of the Public Service Commission. If he was engaged in the taxi and baggage transfer business as a common carrier prior to the effective date of the Public Service Company Law he could continue therein without applying for a certificate from the Commission; but if he proposed to embark in a different field of transportation as a public carrier after January 1, 1914, and begin the operation of a motor bus line on regular schedule between fixed termini over a definite route, carrying on a business very similar to that of a street rail-

way, without its tracks and wires, and highly competitive with the latter, we have no doubt of the power of the Commission to intervene and forbid it unless it deemed such operation to be for the public interest and convenience.

The situation is much the same as regards appellant. As before pointed out its charter did not specifically constitute it a common carrier, nor obligate it to carry on business as such. To the extent that it had engaged in business as a common carrier and held itself out to the public as such, it was a common carrier at the date the Public Service Company Law went into effect. Beyond that it was not a common carrier and could not be required to furnish service or facilities. Its tariffs filed with the Commission and its reports made to that body establish conclusively that on the effective date of the Public Service Company Law it made no claim that it was or ever had been furnishing a regular schedule service between fixed temini over a definite route. In our opinion the Commission, notwithstanding its broad regulatory powers over the service and facilities of the companies subject to its supervision, could not have required it to furnish, install or maintain the service it now proposes to engage in as a part of, or in connection with, its present operations as a common carrier, because of the essential dissimilarity of their character and service; and conversely appellant cannot now undertake to furnish and maintain such service without the consent and approval of the Commission, evidenced by its certificate of public convenience.

Appellant relies, as authority for its position, on the language of Art. III, section 12 of the Public Service Company Act, to wit, "Every public service company shall be entitled to the full enjoyment and exercise of all and every the rights, powers and privileges which it lawfully possesses, or might possess, at the time of the passage of this Act, except as herein other-

wise expressly provided.'' But the Supreme Court
in Peoples Nat. Gas Co. v. Public Service Commission,
279 Pa. 252, construed the exception as relating to
*subjects* expressly dealt with in the act, holding in
that case that the right of a natural gas company to
curtail its field of service, as conferred by section 5
of the Natural Gas Company Act, was since the pass-
age of the Public Service Company Law subject to the
regulation of the Commission. So in Fogelsville &
Trexlertown Electric Co. v. Penna. Power & Light
Co., 271 Pa. 237, it was held that the Public Service
Commission had authority to decide whether a com-
pany formed by a merger of corporations organized
for the purpose of furnishing light, heat and power
by electricity in several localities of the Common-
wealth, but which had not operated in one of its
chartered districts on the effective date of the Public
Service Company Law, could subsequent to that date
furnish electricity in said district in competition with
a corporation organized and furnishing such service by
authority of the Commission. In York Haven Water
& Power Co. v. Public Service Commission, 287 Pa.
241, a case dealing with the proposed merger of a
hydro-electric company with an electric light, heat and
power company, the court said that a hydro-electric
company, though existing at the date of the Public
Service Company Act, with the right to sell power
irrespective of territorial limits, can not since the Act
''at will invade new territory to the prejudice of
another company in the field; nor can it, without the
Commission's approval, enter a municipal sub-division
now being served by another company, or accomplish
the same result by a purchase of a power company.''

The rights, powers and privileges thus subjected to
the supervision and regulation of the Commission
were, at the date of the Public Service Company Act,
possessed by the corporations concerned in those cases
in at least as full a degree as those sought to be ex-

ercised by appellant here; but to the extent that they were not actually used and employed their initial exercise was held to be subject to the approval of the Commission.

We think the same rule applies here. Appellant possesses the chartered power of transporting persons and property to and from railroad stations, from railroad station to railroad station, and to and from points in the City of Harrisburg and vicinity, as a private carrier, or as a common carrier. To the extent that it exercised that power as a common carrier at the date of the Public Service Company Act it may continue to do so without permission from the Commission; but any enlargement of that exercise, bringing it into competition with other public service companies under the jurisdiction of the Commission, can only be begun after appellant has applied to the Commission and secured its certificate of public convenience in accordance with the provisions of the Act.

In distinguishing the cases relied on by appellant (Penna. Utilities Co. v. Public Service Commission, 69 Pa. Superior Ct. 612; Harmony Electric Co. v. Public Service Commission, 78 Pa. Superior Ct. 271, 275 Pa. 542; New Castle Electric Co. v. Public Service Commission, 70 Pa. Superior Ct. 20) the Commission stated its position very clearly: "In our opinion there is a decided difference between the right of an electric corporation, created prior to January 1, 1914, to furnish service in its entire corporate territory after said date without the Commission's approval, and the right of a corporation, created before the effective date of the Public Service Company Law with powers and privileges of a common carrier, to exercise an alleged right which it never exercised until it became subject to the Commission's jurisdiction...... As we view the pending complaints, the City Transfer Company is now subject to the Commission's jurisdiction; it is attempting to establish a service under an alleged

right in its charter which it never exercised prior to the effective date of the Public Service Company Law; a service over a route adequately and conveniently served at present by the Harrisburg Railways Company. Before it can exercise this right and transport persons on a regular schedule over the proposed route in the City of Harrisburg it must obtain this Commission's approval........, If the Commission sustained the contention of the respondent, it would result in the creation of a highly competitive service along the streets in the City of Harrisburg now adequately served by the existing and operating carrier, the Harrisburg Railways Company. It would violate the principle which the legislature had in mind in creating the Public Service Commission, and would present an unsound economic situation of such a character that this Commission ought to the full extent of its authority prevent. We are of the opinion that under our organic law, the interpretations of it by the court, and the administrative discretion which is lodged with the Commission, there is authority for and a duty resting upon us to sustain the complaints.''

We agree with this statement of the law. It is not our province to review the order from an administrative standpoint.

The appeal is dismissed and the order of the Commission affirmed.