# Graham Roller Bearing Corporation, Appellant, *v.* Stone et al., Exrs., et al.

*Equity—Jurisdiction—Satisfaction of judgment—Conclusiveness of judgment unappealed from—Remedy at law—Striking off judgment.*

1. A judgment or decree unappealed from and unreversed is conclusive of all facts necessarily decided and those which might have been averred and proved by either party to maintain a right of action or defense.

2. Equity will not grant relief by striking off a judgment regularly entered where no fraud appears, and nothing is alleged to indicate plaintiff was deprived of his day in court, and it further appears that he had full opportunity to set up and prove, in the action of law, the identical facts on which he relies to give the court equity jurisdiction.

Argued May 26, 1924. Appeal, No. 69, Jan. T., 1925, by plaintiff, from decree of C. P. Potter Co., June T., 1922, No. 1, dismissing bill in equity in case of Graham Roller Bearing Corporation v. John F. Stone and Marjorie Leonard, Executors of last will of Fred C. Leonard, deceased, P. P. McCandrews et al. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill to compel satisfaction of judgment. Before Bouton, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Robert R. Lewis,* with him *Archibald F. Jones,* for appellant, cited: Lewis v. Baker, 151 Pa. 529.

*W. K. Swetland,* for appellees, cited: Schwan v. Kelly, 173 Pa. 65; Wilson v. Buchanan, 170 Pa. 14; Waldo v. Denton, 135 Pa. 181.

OPINION BY MR. JUSTICE FRAZER, July 8, 1924:

Plaintiff appeals from a decree of the court below dismissing its bill to compel defendants to satisfy a judgment procured at law, and enjoin its collection.

The bill avers that, on September 25, 1920, defendants executed their joint note for $45,000 payable to the Exchange National Bank, of Olean, New York, and at the same time plaintiff, as an accommodation to the makers, and to enable them to discount the note, delivered to the bank a writing, wherein plaintiff became surety for the payment of the obligation or any renewals thereof; that demand for its payment was made at maturity and the makers, "paid or caused to be paid to the Exchange National Bank......the full amount of said note...... and procured an assignment" of the obligation and also plaintiff's agreement of suretyship, to Fred C. Leonard, one of the makers; that Leonard, in taking such assignment, did not become a bona fide holder but acted on behalf of those liable thereon; that the makers were primarily responsible for payment of the note and that plaintiff was merely secondarily accountable and assumed no liability except to the bank; that, notwithstanding this fact, the bank began suit against plaintiff, to the use of Leonard, on the contract of suretyship and in that case an affidavit of defense was declared insufficient and a rule for judgment in favor of plaintiff and against defendant, the present plaintiff, was made absolute; that the judgment was an unjust and illegal attempt on the part of the makers of the note to compel the surety to pay the same; that the action was a fraudulent use of legal process calculated to injure the credit of plaintiff and therefore it was entitled to equitable relief in the shape of a decree directing defendants to satisfy and discharge the lien of the judgment.

The answer admitted a number of material averments of the bill but denied the right of plaintiff to equitable relief. The court below, in dismissing the bill, based its conclusion on the ground that nothing appeared to prevent defendant in the earlier proceeding at law from setting up the defense now brought to the attention of the court by the present bill, and that as the affidavit of defense simply stated conclusions of law without presenting a further defense and no application having been made for permission to file a supplementary affidavit or have the judgment opened and no appeal from the judgment taken, plaintiff was without standing to ask relief in equity against its own neglect, and that the court consequently was without authority to strike off the properly entered judgment in the action at law for reasons or because of defenses which might have been presented in that proceeding.

It is a settled rule of law that a judgment or decree unappealed from and unreversed is conclusive of all facts necessarily decided and those which might have been averred and proved by either party to maintain a right of action or a defense. The basis of the decision of the court in the former action at law in holding the affidavit of defense insufficient, was that the note was a joint obligation and not joint and several and an action thereon must, of necessity, be brought against all makers jointly; that the bank might have proceeded either against the makers or against the surety; and that the assignment from the bank to Leonard, one of the joint makers, did not constitute payment of the note but simply placed the assignee in the shoes of the assignor, and consequently a suit by Leonard in the name of the bank against the surety was maintainable. Such action was not one by the makers against their own surety but an action by one of the joint makers in his individual capacity, under an assignment from the payee of the note.

The obvious course of defendant in that action was to aver in its affidavit of defense substantially what it now sets up in its bill, to wit, that Leonard was in fact acting for the joint makers in paying the note to the bank and taking an assignment of the contract of the surety. This, as stated by the court below, would have been a prima facie defense. Defendant failed to adopt this course. It accepted the conclusion of the court as final, made no effort to set up facts constituting its subsistent defense to the action, nor did it take an appeal from the action of the court. As an excuse for failing to present its substantial defense, plaintiff relies on the following extract from the opinion of the court in the action at law: "This action, therefore, having been brought by the bank for the use of Leonard, the fact that Leonard was one of the joint makers of the note will not preclude the plaintiff's recovery against the surety, and any equities as between the makers of the note and the surety must be worked out in another proceeding." We find nothing in this language, however, tending to excuse failure to set up in that proceeding what was prima facie a good defense to the action, and having negligently permitted judgment to be entered against it, plaintiff lacks standing in equity to now ask that the judgment be stricken off because of a defense which should have been, but was not, presented at the proper time. Equity will not grant relief by striking off a judgment regularly entered where no fraud appears and nothing is alleged to indicate plaintiff was deprived of his day in court and it further appears he had full opportunity to set up and prove, in the action at law, the identical facts on which he relies to give the court of equity jurisdiction: Waldo v. Denton, 135 Pa. 181; Wilson v. Buchanan, 170 Pa. 14; Straw v. Smith, 179 Pa. 376, 380.

The decree is affirmed at appellant's costs.