O. L. Beatty, Appellant, v. P. S. C.

462

Argued September 26, 1933.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Chad L. John,* for appellant.

*E. Everett Mather, Jr.,* Assistant Counsel, and *John Fox Weiss,* Counsel, for appellee.

No appearance and no printed brief for intervening appellee.

OPINION BY KELLER, J., November 23, 1933:

On July 16, 1918, O. L. Beatty applied to the Public Service Commission for a certificate of public convenience approving the beginning of the exercise by him of the right to operate an autobus line between Hopwood and Uniontown in Fayette County, and on August 19, 1918 an order granting such certificate was made by the Commission. (Application Docket 2035-1918).

He had previously, in 1917, applied for a like certificate of public convenience, which had been refused (Application Docket 1269-1917) on the ground that the field was already sufficiently served. The change in the Commission's action was due to the fact that one of the carriers engaged in such service had discontinued operations.

On January 18, 1932, the Commission issued an order cancelling the certificate of public convenience so issued because of his failure to carry public liability insurance, as required by the general order of the Commission. A certificate was thereafter issued to one F. A. King, who began the operation of an autobus line between those points.

On May 24, 1932 King filed his complaint, alleging that notwithstanding the cancellation of his certificate Beatty was continuing to operate as a common carrier and to carry passengers between Hopwood and Uniontown, to the injury of the complainant's business. Beatty filed an answer admitting his carrying of passengers for hire between Hopwood and Uniontown after the cancellation of his certificate of public convenience, and claimed the right to do so because, as he alleged, he had been continuously engaged in that service since 1912, before the effective date of the Public Service Company Act.

After a hearing, at which Beatty testified in line with the averments of his answer, and produced two other witnesses whose testimony tended to support his contention, the Commission filed its report finding that he had begun the operation of motor vehicles as a common carrier since January 1, 1914, and sustaining the complaint; and ordered him forthwith to cease and desist from such operation until he should have received a certificate of public convenience evidencing the approval of such operation by the Commission. In arriving at its finding the Commission relied largely on the statements contained in Beatty's first application for a certificate of public convenience, filed May 15, 1917 and on his testimony in support of that application at the hearing on June 1, 1917, wherein he stated that he had been engaged in automobile repair work from 1909 until a year previous to the hearing, at which time he went to Hopwood and engaged in the taxi business.

From the order so entered Beatty has appealed.

His chief ground of complaint is that the Commission made its findings, contrary to the evidence of himself and his witnesses, by reference to the prior records of the Commission, which had not been offered in evidence by the complainant.

The appellant has not printed the entire record certified by the Commission. Passing by this failure of duty on his part, we find by examining the original record that the attorney for the complainant offered in evidence, (1) the report and order of the Commission at Application Docket 2035-1918, under which O. L. Beatty was granted a certificate on August 19, 1918; (2) the *record* of the Commission at Application Docket 14246-1926—, (which included his application and testimony in support of it),—in which Beatty made application for the right to transport persons by group and party service for a radius of 200 miles

from the Village of Hopwood; and (3) the report and order of the Commission at Complaint Docket 6751-1931, cancelling the certificate of public convenience granted him under Application Docket 2035-1918. An examination of these records which were offered and received in evidence would justify the finding of the Commission and furnish sufficient evidence on which to base it. But we are of opinion that in a proceeding of this kind the Commission, as the guardian of the interests of the public, had a right to refer to and consider in making its findings of fact the statements made by this appellant himself in prior applications to it relating to this subject, and his sworn testimony in support of those applications.

The point at issue bears no likeness whatever to that ruled upon by us in Phila. R. T. Co. v. P. S. C., 78 Pa. Superior Ct. 593, 600, where the Commission used as evidence reports,—which had not been offered in evidence,—made by engineers whom appellant had no opportunity to cross-examine. Here the evidence relied on was that of this appellant himself, voluntarily presented by him and filed with the Commission in a proceeding which was directly related to that under review and so associated with it as to be, in effect, antecedent to it. The Commission had a right to consider it. See Hoffman v. P. S. C., 99 Pa. Superior Ct. 417, 428; Gillis v. P. S. C., 105 Pa. Superior Ct. 389, 398, 161 Atl. 563.

The evidence thus considered was ample to sustain the Commission's finding. In fact the several applications filed by the appellant, with their statements of fact, and his testimony in support of them, were inconsistent with any other finding. With knowledge, brought home to him by a protestant against his application in 1917, that a certificate was not needed if he had been engaged, prior to January 1, 1914, as a common carrier, in the same line of service (See City Transfer Co. v. P. S. C., 93 Pa. Superior Ct. 210), he

continued and renewed his application; his testimony in support thereof being to the effect that he had begun taxi service about a year previous to his first application in 1917, and that prior to that his business had been automobile repair and rebuilding work; while his application in 1926, above referred to, (Application Docket 14246, 1926), set forth that he had been furnishing automobile service, under a certificate of public convenience for eight years, and "that prior thereto he was engaged in the livery business." The desultory hiring, or use, of an automobile or automobiles, for transporting passengers by one who maintains a garage, in connection with automobile repairing and "the livery business," does not constitute him a common carrier of passengers, and appellant, by his actions at the time, recognized this fact.

The Commission is the fact finding body in such matters; and the question before this court is only to determine whether or not there was competent evidence to support the Commission's findings: Piercely v. P. S. C., 73 Pa. Superior Ct. 212; Spontak v. P. S. C., 73 Pa. Superior Ct. 219; Adams v. P. S. C., 77 Pa. Superior Ct. 381. We will not interfere with the Commission's administrative rulings based on adequate evidence, unless they are unreasonable or contrary to law.

The appeal is dismissed and the order of the Commission is affirmed.