· Mullin's Express, Appellant, *v.* Public Service Commission.

Argued December 13, 1933.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Joseph Sharfsin,* for appellant.

*John Fox Weiss,* Counsel, and with him *Paul H.
Rhoads* and *Samuel Graff Miller,* Legal Assistants,
and *E. Everett Mather, Jr.,* Assistant Counsel, for ap-
pellee.

*Ralph C. Busser, Jr.,* for Union Transfer Company,
John J. Ryan, trading as Morrison & Ryan, Charles

H. Migeot, J. M. Quimby; *Samuel L. Einhorn,* for Watson's Express; *Harold S. Shertz,* for Philadelphia Drayage and Express Corporation, intervening appellees.

PER CURIAM, May 8, 1934:

Complaint was made to the Public Service Commission by various carriers of freight, holders of certificates, against George A. Mullin, trading as Mullin's Express, charging him with operating motor vehicles as a common carrier without the approval of the commission. Just prior to the time set for a hearing on these complaints, Mullin made application for a certificate of public convenience evidencing his right to operate as a common carrier for the transportation of freight between the city of Philadelphia and various other points. The commission, after hearing, sustained the complaints, directed Mullin to desist from operating motor vehicles as a common carrier, and refused him a certificate of public convenience.

The uncontradicted evidence disclosed that Mullin had been associated with his father who began a trucking business in Philadelphia in 1902; that after 1912 he operated the business himself, and prior to January 1, 1914, was operating teams between Philadelphia and various points at least some of which are covered by the present application on what is known as a call and demand service; and that the applicant had not only continually performed such service at the same locations but had very materially increased it.

By the express terms of the Act of July 26, 1913, P. L. 1374 (66 PS 311), every public service company was entitled to the full enjoyment and exercise of all and every the rights, powers, and privileges which it lawfully possessed at the effective date of that Act, January 1, 1914. The effect of the orders as made

by the commission requiring Mullin to desist from all service and the refusal of a certificate was to deny him the right to continue such service as he was performing prior to 1914. In the case of Hostetter v. P. S. C., 110 Pa. Superior Ct. 212, 218, 168 A. 493, we said: "The mere fact that owing to changed conditions the motive power was changed from horse to gas engine would not be sufficient to warrant depriving applicant of rights he was exercising when the law became effective."

It is therefore necessary that the record be remitted to the commission to the end that it may determine the character and nature of service performed by the applicant and the scope of territory served by him prior to January 1, 1914, and for the taking of additional testimony, if necessary, to determine those facts. The case is controlled by the Hostetter case. We are all of the opinion that the applicant was entitled to receive a certificate evidencing his right as a common carrier to perform the character and amount of service which he was exercising prior to January 1, 1914.

The order of the Public Service Commission requiring the applicant to desist from all service and the order refusing a certificate are reversed, and the record is remitted for further proceedings not inconsistent with this opinion.