Detwiler, Appellant, v. Williamsburg Borough.

Argued October 24, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Ellis L. Orvis,* and with him *John M. Snyder,* for
appellant.

*George G. Patterson,* for appellee.

Opinion by Stadtfeld, J., January 4, 1935:
On September 5, 1922 the Borough of Williamsburg,
Blair County, sought to condemn the tract of 1,255

acres owned by the plaintiff in this proceeding, for water shed purposes. In due course viewers were appointed, and after hearing, filed a report April 5, 1926 awarding the sum of $14,075. The borough appealed from the said award, and after trial by jury on January 27, 1928, a verdict of $33,006.50 in favor of plaintiff was returned. The defendant borough four days thereafter, filed a motion to withdraw and discontinue the condemnation proceeding, averring that the defendant borough had never taken actual physical possession of the land or exercised any ownership thereover; had not in any way injured or damaged the same; and that the amount involved was beyond the defendant's constitutional limitation of indebtedness, to which petition the plaintiff filed answer and joined issue on all of the substantial averments. Testimony in support of and against the petition was taken by the respective parties. After argument thereon, the court by McCann, P. J., 47th Jud. District, specially presiding, filed an opinion August 9, 1928, holding that no actual possession of the land was taken by the borough, and that the proceeding revealed an attempt to create an indebtedness beyond the powers of Borough Council, and allowed the borough to discontinue, and appointed viewers to determine the reasonable costs and expenses occasioned by and resulting from the said proceedings and discontinuance. This judgment of the court was appealed from by the plaintiff to the Supreme Court September 4, 1928, returnable February 11, 1929, when the appeal was non-prossed in said court.

Subsequently, to wit, March 28, 1929, the plaintiff filed a petition reciting the decree of August 9, 1928, and praying the court to modify the decree to include damages in addition to costs and expenses, and to frame an issue to determine reasonable costs, expenses and damages, to be tried by a jury. The defendant

filed answer, averring that all the matters raised in the petition were res judicata. The court, after argument, dismissed the petition by decree filed May 2, 1929. The plaintiff then joined in the proceedings before the viewers to determine the reasonable costs and expenses, and offered testimony in support of his claims. The viewers filed their report January 9, 1931. Exceptions, ex parte plaintiff, to the report were filed January 10, 1931. On February 4, 1931, an appeal by plaintiff from the award of viewers was filed, which apparently is still pending. August 14, 1931, plaintiff filed petition praying the court to change and modify that part of the decree appointing viewers, and frame an issue to hear evidence and determine the damages which he claimed to have sustained. January 7, 1933 the court, by an opinion filed, dismissed the petition. From the order dismissing the petition this appeal was taken.

The assignments of error relate to the decree of the court of date August 9, 1928, granting leave to appellee to discontinue and withdraw from the condemnation proceedings, upon payment of costs and expenses occasioned by and resulting from said proceedings and discontinuance thereof, and in failing to provide for the viewers appointed to hear and determine "on the amount of actual damages due the plaintiff" as owner of said property by the condemnation proceedings.

Appellant contends that at the time of the condemnation he was the owner of a large tract of land of which the land proposed to be taken was a part, and that he was engaged in the business of lumbering thereon; that he had built bridges, erected camps for operatives and made roads, all of which operations he claims were stopped by the condemnation proceedings; that the boundaries of the land to be appropriated were marked on the ground by the borough engineer and notices warning against trespass were

posted upon the trees on the premises; that during the pendency of the proceedings several forest fires were allowed to occur, destroying much valuable timber and trees; that the borough dismantled and removed appellant's buildings and structures; that by reason of the order of the court in appointing viewers limiting the latter's powers and functions to the ascertainment of "costs and expenses" only, and in refusing to amend or enlarge their powers to include "damages" sustained by appellant, he has been deprived of a hearing and the right to recover *damages* as well as his reasonable costs and expenses.

The right to discontinue was necessarily based on the finding by the court that the borough had not taken possession, and that it had created an indebtedness beyond its power.

The appeal to the Supreme Court taken on September 4, 1928 and non-prossed on February 11, 1929, embraced every matter attempted to be raised in the present appeal, and the court therefore held the former judgment res judicata. Under the law plaintiff was not entitled to recover damages when no actual taking of the land took place: Pittsburgh's Petition, 243 Pa. 392, 90 A. 329.

After the order allowing discontinuance, and the reference to viewers to determine the "costs and expenses" sustained by plaintiff-appellant, he appeared before the board and submitted testimony in support of his claims. As stated in Pittsburgh's Petition, supra: "It only need be said in support of this action by the court, that whether the appellant had a right under the Act of 1891 allowing a discontinuance of the proceeding to open and enlarge the highway, to have an action at law for the recovery of his damage in consequence, the act not prescribing any method of recovery, it is too clear for dispute that by consenting to and by adopting the methods here pursued the

appellant waived such right and is concluded. The method pursued was nothing more or less than a submission to the court without the intervention of a jury, and this in the exercise of a constitutional right." The language of the Act of May 16, 1891 is substantially the same as in the Borough Code of 1915. The same practice, as in the instant case, was followed in the case of Franklin Street, 14 Pa. Superior Ct. 403. Quoting from the opinion by President Judge RICE in that case, p. 411: "It is safe to say, in general, that the courts have been careful not to lay down a rule upon this subject which will prevent municipal corporations from receding from proposed action of this kind before the land owner has obtained final judgment for his damages, unless the corporation has in the meantime taken actual possession of the land."

"It is a settled rule of law that a judgment or decree unappealed from and unreversed is conclusive of all facts necessarily decided and those which might have been averred and proved by either party to maintain a right of action or a defense." Graham R. B. Corporation v. Stone et al., 281 Pa. 229, 231, 126 A. 235.

". . . . . . This binding effect of the prior adjudication is not 'defeated by minor differences of form, parties or allegations, (nor) by a shuffling of plaintiffs on the record, or (nor) by a change in the character of the relief sought, . . . . . . (and concludes) not only the issues actually adjudicated in the first proceeding, but also those (relevant ones) which might have been raised and passed upon': Hochman v. Mortgage Finance Corporation, supra, (289 Pa. 260, 137 A. 252) pages 263-4." O'Connor v. O'Connor, 291 Pa. 175, 180, 139 A. 734.

In the instant case, the first appeal was from the decree and judgment of the court below, and that decree and judgment appointed viewers with the powers stated supra. Not having been prosecuted in the ap-

pellate court, the decree must be taken as final, The same questions now raised were raised by appellant in the answer filed by him in opposition to the petition of the borough for leave to discontinue, from which the former appeal was taken and non-prossed.

Quoting from the last opinion of the lower court in this case filed January 7, 1933, "We are satisfied that no matter what view is taken of this case that the plaintiff has had his day in court. All of these questions were raised, as we understand it, in the original answer filed, and were raised in the appeal from the lower court to the Supreme Court, which appeal was non-prossed for failure to prosecute. Under the law as it now exists, the proper tribunal to assess damages in condemnation proceedings in the first instance is the board of viewers, and from their award an appeal may be taken to the common pleas, where the matters are passed upon by a jury. We believe that the court found from the testimony taken in the original proceeding to assess damages that no actual possession of this property had been taken by the borough. Of course, if any damages were done to the property by surveying, by moving of property, or destruction of property by the municipality, that would be a matter for compensation, but this matter was passed *upon by the court after considering the testimony in the case,* and we assume, of course, that the viewers considered any matters that could legitimately be brought before them as to any physical damages that the owner of the property sustained, although we found as a fact that there was no actual physical taking of possession." (Italics supplied).

We are satisfied that the questions now sought to be raised are res adjudicata under the former proceedings.

The assignments of error are overruled and order affirmed.