## Bickley, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued November 10, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Paul H. Rhoads* and *John Fox Weiss,* of *Weiss & Rhoads,* for appellant.

*John C. Kelley,* with him *Harry H. Frank, Samuel Graff Miller* and *Edward Knuff,* for appellee.

*Gilbert Nurick,* of *McNees, Hollinger & Nurick,* with him *Richard V. Zug, Harold S. Shertz, William J. Wilcox,* of *Snyder, Wert & Wilcox, Robert C. Fluhrer* and *G. C. Doering,* for intervenors.

PER CURIAM, November 17, 1937:

William H. Bickley, doing business as Bickley's Auto Express, filed two applications with the Public Service Commission: (1) The one for a renewal of the certificate of public convenience issued at A.26187, Folder No. 1, evidencing the Commission's approval of his right to operate motor vehicles as a common carrier, as set forth and limited in said certificate; (2) the other, for registration as a common carrier of property, pursuant to regulations established, under Section 12, Art. III, of the Public Service Company Act of July 26, 1913, P. L. 1374, preserving to every public service company the full enjoyment and exercise of all and every the rights, powers and privileges which it lawfully possessed at the time of the passage of said Act.[1]

The Commission found, (1), that the approval of the application for renewal of the certificate issued at A. 26187, Folder No. 1, was necessary and proper for the service, accommodation and convenience of the public; but also found, (2), "The Commission cannot find that William H. Bickley, trading as Bickley Auto Express, is entitled to registration as a common carrier of property, and his application for registration will be refused;" and accordingly ordered: "That the prayer of the petition filed at Registration Docket No. 64 be and is hereby denied and the application dismissed."

---

[1] Not affected by the Act of March 31, 1937, P. L. 160 (No. 43) creating the Pennsylvania Public Utility Commission.

Bickley appealed from the order dismissing his application for registration as a common carrier under Section 12, Art. III, supra.

On the argument of the appeal counsel for the Commission agreed that "A common carrier of personal property is entitled to a certificate of registration for those rights in which he engaged prior to January 1, 1914, and which rights he has continued to exercise since then;" and also agreed that under the evidence in the record the appellant has been engaged as a common carrier of personal property prior to the passage of the Act of July 26, 1913, supra, and has continued to exercise certain of those rights since then.

The Commission made no definite findings as to the rights, powers and privileges which appellant possessed, enjoyed and exercised on July 26, 1913 and which he has continued to exercise since then. As to these the appellant is certainly entitled to a certificate of registration. His application for a certificate of public convenience and the approval of the same by the Commission, and its renewal did not deprive him of this right.

To that extent the appeal is sustained, and, without passing upon or adjudicating any other matter, the record is remanded to the Commission with directions that it make specific findings—re-opening the case for additional testimony, if it deems it necessary—as to (1) the rights, powers and privileges, as a common carrier of property, possessed, enjoyed and exercised by appellant on July 26, 1913, the date of the passage of the Public Service Company Act; and (2) the rights, powers and privileges so possessed and enjoyed which he continued to exercise to the date of filing his application for registration as a common carrier of property; and that a certificate of registration be issued to appellant as a common carrier of property in conformity with said findings.

It is so ordered.