Bickley, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Paul H. Rhoads,* with him *John Fox Weiss,* of *Weiss & Rhoads, Carl Frank Chronister* and *S. A. Schreckengaust, Jr.,* for appellant.

*Harry H. Frank,* with him *Harry M. Showalter* and *S. Graff Miller,* for appellee.

*Gilbert Nurick,* of *McNees, Hollinger & Nurick,* for intervenor.

*Richard V. Zug,* for intervenors.

*William J. Wilcox,* of *Snyder, Wert & Wilcox,* for intervenors.

*George Doering,* for intervenors.

OPINION BY STADTFELD, J., April 28, 1939:

William H. Bickley, doing business as Bickley's Auto Express, filed an application with the Public Service Commission for registration as a common carrier of property, pursuant to regulations established under Section 12, Art. III of the Public Service Company Act of July 26, 1913, P. L. 1374, preserving to every public service company the full enjoyment and exercise of all and every the rights, powers and privileges which it lawfully possessed at the time of the passage of said Act.[1]

The Commission made no definite findings as to the rights, powers and privileges which the applicant possessed, enjoyed and exercised on July 26, 1913 and which he had continued to exercise since then. Nevertheless, his application for registration as a common carrier was dismissed in an order entered by the Public Service Commission. An appeal from this order was taken to this court: *Bickley v. P. U. C.,* 129 Pa. Superior Ct. 115, 195 A. 162. An order was then made remanding the record to the Commission with directions that it make specific findings as to "(1) the rights, powers and privileges, as a common carrier of property, possessed and enjoyed and exercised by appellant on July 26, 1913, the date of the passage of the Public Service Company Act; and (2) the rights, powers and

---

[1] An application was also made for the renewal of a certificate of public convenience. The Commission approved this application and renewed his certificate granting him the right to operate motor vehicles as a common carrier, as set forth and limited in said certificate.

privileges so possessed and enjoyed which he continued to exercise to the date of filing his application for registration as a common carrier of property; and that a certificate of registration be issued to appellant as a common carrier of property in conformity with said findings."

After the opinion in this case had been filed, the applicant, Mr. Bickley, filed a petition for rehearing and reargument with the Public Utility Commission. The petition was granted and, without further hearing, argument was had on the record as remanded.

The Commission issued its Report, wherein it stated as follows: "...... we find that William H. Bickley, trading and doing business as Bickley's Auto Express, is entitled to registration covering the following rights based upon the rights, powers and privileges which we find were exercised by William H. Bickley on July 26, 1913: 'Transportation of property, including household goods in use, as a Class D carrier, between points in the city and county of Philadelphia; transportation of property, as a Class D carrier, from points in the city and county of Philadelphia to Doylestown, New Hope and Warrington, Bucks County, and Jenkintown, Willow Grove, Hatboro, White Marsh, Ambler, and Lansdale, Montgomery County, and vice versa, excluding intermediate points; transportation of household goods in use, as a Class D carrier, from points in the city and county of Philadelphia and the borough of Jenkintown, Montgomery County, to points in Pennsylvania, and vice versa; all transportation limited and restricted to the operation of 8 motor trucks, the total maximum gross weight of which, with loads, shall not exceed 144,000 pounds, as named and described in the equipment certificate.' "

The Commission thereupon made an order "That a certificate of registration embodying the above rights be issued to William H. Bickley, trading and doing business as Bickley's Auto Express." A certificate of

registration was issued in conformity with the report and order of the Commission. From said order of the Commission, this appeal has been taken. The following carriers were granted leave to intervene as appellees: Horlacher Delivery Service, Inc., Modern Transfer Company, Inc., Union Transfer Affiliated Company, Reading Company, and Reading Transportation Company.

Appellant assigns as error the Commission's failure to register him as a common carrier with the following rights within the stated areas: (1) the transportation of property from points in the County of Philadelphia to points in Bucks and Montgomery Counties and vice versa; (2) the transportation of household goods in use from points in the Counties of Philadelphia, Bucks, Montgomery and Delaware to other points in Pennsylvania and vice versa; (3) the transportation of property from points in Philadelphia, Bucks and Montgomery Counties to other points in southwest Pennsylvania located within a territory bounded on the west by the Susquehanna River, on the north by line parallel to and ten miles north of highway route No. 22 (U. S.) and on the south and east by the Pennsylvania State line and vice versa.

In accordance with the Act of May 28, 1937, P. L. 1053, Public Utility Law, Article XI, Section 1107 (66 PS §1437), this court, on appeal, will not vacate or set aside an order of the Commission either in whole or in part, except for error of law, for lack of competent evidence to support the findings, or for violation of constitutional rights: *Pa. P. & L. Co. v. P. S. C. et al.*, 128 Pa. Superior Ct. 195, 201, 193 A. 427; *Northern Penna. Power Co., v. P. U. C.*, 132 Pa. Superior Ct. 178, 205, 200 A. 866.

The record before us contains not only the testimony given in the instant case, but also excerpts of testimony from the appellant's original application for a certificate of public convenience filed April, 1933, together with appellant's testimony taken on a rule to revoke

and cancel this certificate for violation of its conditions. The records of these previous proceedings were incorporated by reference into the proceedings of this case. The history of the case indicates that appellant's proceedings before the Commission began in 1933, when he filed an original application for a certificate of public convenience. After the issuance of the said certificate, it appeared that Bickley started violating the terms thereof and as a result, a complaint was filed against him by the Carrier's Protective Committee. A rule was issued against him to show cause why his certificate should not be revoked or other penalties imposed for violations thereof. After due hearing, a report and order was filed in which the complaint was sustained, the rule was made absolute, and a fine of $50 was imposed. An appeal taken to this court was non prossed. Subsequently, the fine was paid. In February, 1936, Bickley filed an application for renewal of his certificate of public convenience and also for registration as a common carrier.

A careful reading of the entire record discloses the nature and territorial extent of appellant's shipments transported prior to, and since January 1, 1914, when the Public Service Company Law became effective. There is testimony to the effect that approximately thirty shipments, exclusive of household movings, were made by appellant prior to January 1, 1914, as follows: two shipments from Jenkintown to Allentown; three from Philadelphia to Allentown; two from Jenkintown to Easton; five from Philadelphia to Easton; one from Easton to Pipersville and another to Ottsville; one from Jenkintown to Bethlehem; three from Philadelphia to Bethlehem; one from Jenkintown to Reading; one from Philadelphia to Reading; one from Reading to Philadelphia; two from Philadelphia to Harrisburg; one from Jenkintown to York; one from Philadelphia to Chester and another to West Chester; one from Phila-

delphia to the Susquehanna River; one from Philadelphia to Lancaster; one from Philadelphia to Bushkill Falls; and one from Rydal to Pittsburgh. Thus it appears that from 1909 when Bickley first bought the express business until January 1, 1914, a period of five years, only nineteen shipments were made to the cities of Allentown, Bethlehem, Harrisburg and Easton, which mark the outer limits of the territory he now seeks to cover.

There is testimony to the effect that approximately fourteen shipments, exclusive of household movings, were made by appellant subsequent to January 1, 1914, as follows: two shipments from Philadelphia and Glenside to Allentown; one from Philadelphia to Easton and one from Easton to Philadelphia; one from Philadelphia to Bethlehem; one shipment from Philadelphia to Gettysburg, one to Marysville, one to Tobyhanna and one to Pittston; one from Philadelphia to Scranton and one to Wilkes-Barre; one from Philadelphia to Johnstown; one from Logan to Hershey and one from Logan to Harrisburg. From January 1, 1914 until the time of filing of the application for registration in 1936, covering a period of twenty-two years, only seven shipments, excluding household movings, had been transported to and from the cities of Allentown, Bethlehem, Easton and Harrisburg. Other shipments were made to destinations never reached before January 1, 1914.

As regards the moving of household goods, it appears from the testimony that such shipments originated almost exclusively either in Philadelphia or in the Borough of Jenkintown, Montgomery County, and not in other points in Bucks, Montgomery and Delaware Counties.

This resume constitutes the substance of the testimony of appellant's witnesses, upon which he bases his claim for registration as a common carrier to the ex-

tent outlined in his petition. The report and order of the Commission in this proceeding stated, "The testimony in the present record discloses no common carriage service engaged in prior to January 1, 1914, and continuously since, other than that authorized issued at A. 26187, Folder No. 1 (the original certificate of public convenience). Certain types of carriage are mentioned in the testimony, but have admittedly not been rendered continuously since 1914. Casual instances of other transportation are disclosed, but none which indicates continuous service of a character not authorized by the Bickley Certificate."

In *Hostetter v. Pa. P. S. C.*, 110 Pa. Superior Ct. 212, 168 A. 493, this court, stating the legal requirements and the extent to which rights, powers and privileges of an applicant should be registered by the Commission, said, at p. 218: "The matter to be ultimately determined is what powers and privileges the applicant enjoyed *as a common carrier* on January 1, 1914, and has not surrendered." (Court's italics).

In arriving at the conclusion on the matter before us in the instant case, the testimony of Bickley himself given in support of his original application for a certificate of public convenience in 1933 and incorporated in the record of this case, serves to throw considerable light upon the extent to which he is justly entitled to the registration of his rights. Bickley stated that he does not go to any points in Philadelphia, Bucks and Montgomery Counties except the points named in the application, with the exception of movings. He also stated, in response to a question by his own counsel, that his operations were over a route from Philadelphia to Doylestown and some points on both sides of said route. After the service was carefully described to him by his counsel and by the sitting examiner, he admitted that the description (which was subsequently incorporated in his certificate of public convenience)

would cover his situation and would include all his rights as a common carrier. This court has held in *Beatty v. P. S. C.,* 110 Pa. Superior Ct. 461, 169 A. 21, that where the evidence given was that of the appellant himself, voluntarily given in a proceeding before the Commission, the Commission had the right to consider such testimony by the applicant himself in a subsequent proceeding.

Having considered the entire record, including all related proceedings before the Commission, we conclude that those rights, powers and privileges which were sought by Bickley in his petition for registration but refused by the Commission, had not been enjoyed, possessed and exercised by him before January 1, 1914, and continued to be so enjoyed, possessed and exercised by him since then. Accordingly, there being sufficient competent evidence to support the findings of the Commission, and in the absence of any error of law, the order of the Commission cannot be vacated or set aside, but must be sustained.

The assignments of error are overruled, and the order of the Public Utility Commission is affirmed, at the cost of the appellant.