Spackman, Appellant, *v.* Pennsylvania Public
Utility Commission et al.

Argued May 1, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*H. C. A. Hofacker,* with him *Paul R. Butler,* for appellant.

*Solomon Freedman,* with him *Harry H. Frank* and *Harry M. Showalter,* for appellee.

*Samuel P. Delisi,* with him *Stewart N. Hutchison, Jr., Reed, Smith, Shaw & McClay, Charles J. Spinelli* and *Margiotti, Evans & Pugliese,* for intervening appellees.

OPINION BY BALDRIGE, J., July 19, 1940:

This appeal by B. M. Spackman, trading as Eastern States Transportation Company, is from an order of the Pennsylvania Public Utility Commission, finding that she was not a bona fide contract carrier within the

"Grandfather Clause" of Article VIII, section 804(a) [1] of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1304(a), and accordingly refused her application and directed her to cease and desist from transporting property in common carriage between points in Pennsylvania.

The application was protested by the interveners herein on the ground that the service proposed to be rendered by the appellant was unnecessary for the convenience and accommodation of the shipping public. We are only warranted in reversing this order for an error of law or lack of evidence to support the finding: Public Utility Law, Article XI, section 1107, 66 PS §1437; *Bickley v. Pa. P. U. C.*, 135 Pa. Superior Ct. 490, 5 A. 2d 806. It will be affirmed.

The Public Service Commission, previous to the present proceeding, on May 5, 1936 instituted an investigation upon its own motion to determine whether or not the present appellant had operated as a common carrier between points in Pennsylvania without having first obtained a certificate of public convenience. After a hearing, the commission on February 9, 1937 filed a cease and desist order and imposed a fine. An appeal

---

[1] No person or corporation shall engage in the business of a contract carrier by motor vehicle unless there is in force with respect to such carrier a permit issued by the commission, authorizing such person or corporation to engage in such business: Provided, That, if any such carrier, or a predecessor in interest, was rendering service as a bona fide contract carrier by motor vehicle upon the effective date of this act, over any route or within the territory for which application is made, and has rendered such service since that date, or if engaged in furnishing only seasonal service, was doing so on such date during the season ordinarily covered by his service, the commission shall issue such permit without further proceedings, if application for such permit is made to the commission as provided in paragraph (b) of this section and within one hundred twenty days after the effective date of this act ......"

was taken which the appellant on May 24, 1937 discontinued.

This appellant in February 1936 filed an application with the Interstate Commerce Commission under the "Grandfather Clause" of the Federal Motor Carrier Act (49 U. S. C. A. §311) requesting a license as a broker. It appears from the record that there was an uncertainty as to whether she was a common carrier or a broker. The sitting examiner on September 21, 1938 found that her operations were those of a broker and recommended a dismissal of the application. Exceptions filed thereto are now pending. At the hearing of the present application the Interstate Commerce Commission proceeding was made a part of the record.

Counsel for appellant stated in the instant case: "We are either a common carrier or a broker under the Interstate Commerce Commission. We are not a contract carrier under the Interstate Commerce Commission." We think that statement could properly be considered by the commission in determining the carrier's status before it, as the same shippers are involved in this proceeding and the same type of operation.

This record further disclosed that the appellant in her application sought a contract carrier permit to transport for 26 shippers and consignees under 26 separate contracts. By letter dated December 17, 1937, she amended her application and withdrew all except 5 of the 26 contracts. Sixteen of the shippers were served under contracts included in the 26 aforesaid. The Public Service Commission, in the proceeding instituted May 5, 1936, found the appellant was serving them as a common carrier without a certificate, and all of the 5 shippers mentioned in the letter of December 17, for which she now desires a permit as a contract carrier, were included in the 16.

Under Section 1112 of Article XI of the Public Utility Law, 66 PS §1442, whenever the commission shall make

any order or finding it shall be prima facie evidence of the facts found and shall remain conclusive unless set aside, annulled or modified. It, therefore, was incumbent upon the appellant to show that there was a change in her method of operation in order to give her a different status. This she completely failed to do. The evidence was just to the contrary.

R. B. Spackman, her husband and general manager, testified that there was no change in the type of operation which she had conducted from the time she began business in February 1934 until the date of the present hearing. This witness further testified that the appellant obtained business from various customers by personal solicitation, mail, telephone, and goodwill resulting from efficient service.

Section 805, Article VIII, of the Utility Law, 66 PS §1305, provides that no person or corporation shall at the same time hold a certificate of public convenience as a common carrier and as a contract carrier unless for good cause shown. If an applicant was a common carrier, acting without a certificate of public convenience or permit from the commission, on the effective day of the Public Utility Law, he is not entitled to a contract permit under the "Grandfather Clause": *Puhl et al. v. Pa. P. U. C.,* 139 Pa. Superior Ct. 152, 11 A. 2d 508, 510.

This case is similar in many of its aspects to *Pa. P. U. C. v. Gornish et al.,* 134 Pa. Superior Ct. 565, 4 A. 2d 569, where the appellants alleged they were contract carriers, operating without a certificate of public convenience within the limit prescribed by the "Grandfather Clause" and filed an application for a permit as a contract carrier. The commission determined that on June 1, 1937 they were not contract carriers but were common carriers. There, as here, they had solicited for the carriage of freight between points in Pennsylvania. They did not own their own trucks but utilized the service of owner operators, but they trans-

acted all their business under contracts with particular concerns with whom they had previously contracted. We affirmed the order of the commission refusing the application.

The purpose of the "Grandfather Clause" was to protect the right of existing contract carriers so that they could continue the business in which they were engaged June 1, 1937, without the necessity of establishing their fitness and ability to perform the proposed service in the public interest. There is the prerequisite however, that they must have been on that date bona fide contract carriers, that is, they must have been engaged as such in good faith, without any deceit or fraud, over a route in a territory for which the application is made. There is imposed upon the applicant the burden of establishing the character and scope of its operation and the truth of every allegation in its application. Whether the application brought her methods of operation within the category of a contract carrier was a question of fact for determination by the commission: *Erb v. P. S. C. of Pennsylvania,* 93 Pa. Superior Ct. 421; *Pa. P. U. C. v. Gornish,* supra.

The appellant contends that since the number of shippers served has been reduced from 26 to 5, she is entitled to a permit under the "Grandfather Clause." It does not follow that the reduction necessarily entitles her to a certificate. We may add, as above noted, the decrease in the number of contracts was not accomplished until some months after June 1, 1937, which is the date her rights were to be determined.

There was ample competent evidence to support the finding that on June 1, 1937 the appellant was not a contract carrier. No reason appears for our disturbing the action of the commission.

The order of the Public Utility Commission is affirmed.