Bickley, Appellant, *v.* Pennsylvania Public
Utility Commission.

Argued March 12, 1942.

400

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FIELD, RHODES and KENWORTHEY, JJ.

*H. Eugene Gardner,* for appellant.

*Harry H. Frank* and *Harry M. Showalter,* for ap-
pellee, were not heard.

OPINION BY KELLER, P. J., April 15, 1942:

In 1936, William H. Bickley, trading as Bickley's
Auto Express, filed two applications with the Public
Service Commission. The one asked for a *renewal* of
the certificate of public convenience issued at A26187,
Folder No. 1, evidencing the commission's approval of
his right to operate motor vehicles *as set forth and
limited* in said certificate. The other asked for regis-
tration as a common carrier of property, (pursuant to
regulations established by the commission) under sec-
tion 12, Article III, of the Public Service Company Act
of July 26, 1913, P. L. 1374, sometimes known as the
Grandfather clause.[1]

---

[1] "Every public service company shall be entitled to the full
enjoyment and exercise of all and every the rights, powers, and
privileges which it lawfully possesses, or might possess, at the
time of the passage of this act, except as herein otherwise ex-
pressly provided."

The commission renewed the certificate of public convenience, but refused his application for registration as a common carrier. He appealed to this court. See 129 Pa. Superior Ct. 115, 195 A. 162.

As it appeared from the record, and was admitted by counsel for the commission, that Bickley had been engaged as a common carrier of property prior to the passage of the Public Service Company Act and had continued to exercise certain of those rights since then, we sustained the appeal and remanded the record to the commission with directions to make specific findings as to (1) the rights, powers and privileges, as a common carrier of property, possessed, enjoyed and exercised by appellant on July 26, 1913 when the Public Service Company Act was passed; and (2) the rights, powers and privileges so possessed and enjoyed which he continued to exercise to the date of filing his application for registration as a common carrier of property; and that a certificate of registration be issued him as a common carrier of property in conformity with said findings. This was in accordance with the rulings of this court in prior cases, where we held that the Grandfather clause, supra, protected the carrier only as respects the particular business—its character, field, operation, etc.—it was engaged in and carried on when the Public Service Company Act was passed, and had continued to exercise and carry on since that date. See *City Transfer Co. v. P. S. C.*, 93 Pa. Superior Ct. 210; *Hostetter v. P. S. C.*, 110 Pa. Superior Ct. 212, 168 A. 493; *Mullin's Express v. P. S. C.*, 113 Pa. Superior Ct. 212, 172 A. 486; *Whinney v. P. S. C.*, 116 Pa. Superior Ct. 472, 176 A. 753. And that it was the province of the Public Service Commission to determine the facts as to the character, field, operation, etc., of the business so carried on by the common carrier, whose rights, privileges and powers therein were preserved to him by section 12 of Article III aforesaid. Those cases hold that the fact that a

person may have acted as a common carrier, in a limited territory or for a restricted purpose, prior to July 26, 1913, did not confer on him the right to conduct the business of a common carrier generally and all over the state of Pennsylvania after that date, without the approval of the Public Service Commission. Cf. *United States v. Maher*, 307 U. S. 148; *Alton R. R. Co. v. United States*, 314 U. S. 315; *United States et al. v. Carolina Freight Carriers Corp.*, 315 U. S. 495 (March 2, 1942); *Howard Hall Co. Inc. v. United States et al.*, 315 U. S. 495 (March 2, 1942), dealing with the "Grandfather clause" (§206(a) ) of the Federal Motor Carrier Act of 1935, 49 Stat. 543, 551, 49 U. S. Code, §306.

The record having been remanded to the commission was considered by it and a report was filed in which the commission found that William H. Bickley was entitled to *registration* covering the following rights as a common carrier, based upon the rights, powers and privileges which were exercised by him as of the passage of the Public Service Company Act, to-wit: "Transportation of property, including household goods in use, as a Class D carrier, between points in the city and county of Philadelphia; transportation of property, as a Class D carrier, from points in the city and county of Philadelphia to Doylestown, New Hope and Warrington, Bucks County, and Jenkintown, Willow Grove, Hatboro, White Marsh, Ambler, and Lansdale, Montgomery County, and vice versa, excluding intermediate points; transportation of household goods in use, as a Class D carrier, from points in the city and county of Philadelphia and the borough of Jenkintown, Montgomery County, to points in Pennsylvania, and vice versa; all transportation limited and restricted to the operation of 8 motor trucks, the total maximum gross weight of which, with loads, shall not exceed 144,000 pounds, as named and described in the equipment certificate."

He appealed from this order to this court, assigning the refusal of the commission to grant him full and unlimited registration. See 135 Pa. Superior Ct. 490, 5 A. 2d 806. We affirmed the order on April 28, 1939, holding that the order was not only supported by sufficient competent evidence in the record, but also that it was in accordance with his own evidence as to the field, scope and operation of his business when he originally applied in 1933 for a certificate of public convenience. See 135 Pa. Superior Ct. 490, 497, 5 A. 2d 806, and *Beatty v. P. S. C.,* 110 Pa. Superior Ct. 461, 169 A. 21. He did not ask for the allowance of an appeal to the Supreme Court of this Commonwealth or to the Supreme Court of the United States.

On October 1, 1940, a year and five months after our judgment was entered, he filed a bill in the Court of Common Pleas of Dauphin County, sitting in equity, setting forth that he had been engaged in business as a common carrier for four years prior to July 26, 1913; that on February 6, 1936 he had filed with the Public Service Commission—now the Pennsylvania Public Utility Commission—a petition for the registration of the rights, powers and privileges which he claimed he possessed under the provisions of Article III, section 12, of the Public Service Company Act. He described in his bill the course of, and various steps taken in, that proceeding, including the appeals to this court, reported in 129 Pa. Superior Ct. 115, 195 A. 162, and 135 Pa. Superior Ct. 490, 5 A. 2d 806, and the final judgment, unappealed from, of this court. He averred that the final order of the commission was erroneous and that this court erred in accepting the finding of the commission as a fact finding body; that, depending upon his counsel, who then represented him before this court, he, the complainant "erred in not taking an appeal from its decision affirming the decision of the commission."

He also averred: "19. That notwithstanding the afore-

said decisions by the Commission and by the Superior Court of the Commonwealth of Pennsylvania, Complainant continued to operate and still continues to operate as a common carrier of property not only between points in Philadelphia, Montgomery and Bucks Counties, but also between said points and other points in other counties throughout the Commonwealth of Pennsylvania.

"20. That the Pennsylvania Public Utility Commission has made an order upon him to desist from serving shippers between Philadelphia, Easton, Allentown and Bethlehem and all other intermediate points, and has notified shippers between said points to desist from using complainant's services or be subject to severe penalties", a copy of which notice was annexed to the bill.

He further averred that the order of the commission limiting his registration as a common carrier and restricting his operations as such, deprived him of the full enjoyment and exercise of the rights, powers and privileges he possessed at the passage of the Public Service Company Law of July 26, 1913, and also of his rights, privileges and immunities as a citizen of the United States, contrary to the 14th Amendment of the Constitution of the United States.

He prayed for the issuance of an injunction annulling the order of the commission and enjoining it from further interfering with, denying or abridging the full enjoyment and exercise of his right to operate as a common carrier throughout the Commonwealth of Pennsylvania.

The commission filed preliminary objections to the bill, on the ground, inter alia, that upon the facts averred in the Bill of Complaint, complainant was not entitled to any relief, for the reason that the bill on its face showed that the Superior Court had already judicially reviewed the order of the commission and had adjudicated the legal questions raised in the bill against the contentions set forth therein by the complainant,

and that no appeal from the decision of the Superior Court had been taken within the time provided by law, and the same has not been reversed, vacated or set aside, and is therefore res judicata.

The court sustained the preliminary objections filed by the commission and dismissed the bill.

Complainant appealed to this court.

The opinion by President Judge HARGEST, reported in 50 Dauphin County Reports 259, fully justifies the decree appealed from. It may be summarized as follows:

1. The question of res judicata, in view of the averments in the bill, was properly raised under Equity Rule 48; citing *Long v. Metzger*, 301 Pa. 449, 455, 152 A. 572; *Christy v. State Board of Education*, 339 Pa. 65, 14 A. 2d 292; *Kowatch v. Home B. & L. Assn.*, 131 Pa. Superior Ct. 517, 200 A. 111. See also, *Penn-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co.*, 298 Pa. 215, 148 A. 92; *Schlichtman v. Crawford et al.*, 337 Pa. 497, 499, 12 A. 2d 52; *Shotkin v. Presbyterian Board*, 343 Pa. 650, 23 A. 2d 419; and the record of those proceedings, so referred to in the bill, showed that the alleged rights of the complainant to operate as a common carrier, under section 12 of Article III of the Public Service Company Law, had been adjudicated and judicially fixed and determined therein.

2. When issues have been adjudicated upon the facts, between the same parties, the case is concluded not only as to the questions raised but as to all questions which might properly have been raised and passed upon. Citing *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260, 263-265, 137 A. 252; *Wallace's Est.*, 316 Pa. 148, 153, 174 A. 397; *Detwiler v. Williamsburg Bor.*, 116 Pa. Superior Ct. 21, 176 A. 244.

3. Failure to raise a constitutional question at the prior hearing or trial will not support a new action by the losing party upon precisely the same state of facts.

4. Having pursued the statutory remedy by appeal

to the courts given him by section 1101 of the Public Utility Law, and lost, and not having availed himself of further appeals under section 1109, he cannot ask for an injunction, under section 1111, to restrain the enforcement of an order which was duly affirmed on appeal by this court. The policy of the law of this Commonwealth is to restrict the litigant to the statutory remedy where one is given. Citing *Colteryahn Sanitary Dairy v. Milk Control Commission,* 332 Pa. 15, 23, 24, 1 A. 2d 775; *Taylor v. Moore,* 303 Pa. 469, 474, 154 A. 799. See also, *White v. Old York Road Country Club,* 318 Pa. 346, 178 A. 3; *Ermine v. Frankel,* 322 Pa. 70, 185 A. 269.

He might have added the further reason, that one who comes into equity must come with clean hands; that a complainant who, in his bill, asserts his continued intentional violation of an order of the Public Utility Commission, duly affirmed by this court, is in no position to ask for equitable relief from its enforcement.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.