## Brower v. Brower

*Joseph Ominsky,* for libellant.
*Gilbert Cassidy, Jr.,* for respondent.

CRUMLISH, J., February 16, 1945.—Libellant in his libel sought a divorce a vinculo matrimonii on the grounds of: (*a*) cruel and barbarous treatment; (*b*) indignities to the person; and (*c*) desertion. Subsequently, he amended his libel and added the charge of adultery.

The matter was referred to a master who, after holding 14 meetings and reviewing 1041 pages of typewritten testimony, filed a report recommending the granting of the prayer of the libel on the grounds of desertion and adultery.

Exceptions being filed by respondent, this court, after careful consideration of the record, the master's

report, paper books and arguments of counsel, reaches the following conclusions:

1. The findings of the master as to the insufficiency of the evidence offered by libellant in support of the charges of (*a*) cruel and barbarous treatment, and (*b*) indignities to the person, are sustained.

2. Exceptions to the report of the master recommending a divorce on the ground of desertion are sustained.

In making this recommendation, the master made this observation: "The evidence is sparse, especially supporting evidence, on the fact of desertion by the respondent on October 16, 1933, and comes close to being an allegation on the part of the libellant and a flat denial on the part of the respondent". No disinterested person, after careful study of the record, could reach a different conclusion. And, furthermore, the evidence is not of the weight and sufficiency required to support libellant's contention. Our Superior Court has repeatedly said: "A court should not enter a decree based upon merely a slight preponderance of the evidence but should refuse a divorce unless the libellant establishes by clear and satisfactory proof" the grounds on which he relies. This is a case that falls squarely within this mandate of the appellate court and, for the obvious reason that libellant has unquestionably failed to meet the burden which the law casts upon him, the exceptions under consideration are sustained.

3. Exceptions to the report of the master recommending the divorce on the ground of adultery are sustained.

The evidence in support of the charge of adultery is, in our opinion, of the same character offered by libellant in support of the charge of desertion; and there is another and more serious reason why the exceptions to the master's findings and recommendation that a divorce be granted on the ground of adultery should be

sustained. The record discloses that libellant failed to follow the mandatory provision of The Divorce Law of May 2, 1929, P. L. 1237, sec. 38, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §38. We agree with our brethren that the provision of The Divorce Law requiring notice to a corespondent of hearing is mandatory; and, if the record fails to show that such notice has been given, the case will be referred back to the master to give such notice of another hearing to take testimony, unless the corespondent shall fail to attend or shall waive in writing his right to notice and to be heard. However, in the instant case, the failure to comply with the provision requiring notice to the corespondent was not considered until the court raised the question, and at that time we were advised that the corespondent was dead. It was also admitted by the parties that the corespondent was alive and available at the time the libel was amended to include the charge of adultery and for some time thereafter. The libel was amended by adding the charge of adultery on March 25, 1941; and the corespondent died in August 1942. Libellant had ample time to comply with the particular provisions of The Divorce Law while the corespondent was alive, but failed to do so. This is fatal in the instant case because the statute must be construed strictly.

"In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect": Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156.

Under the Act of March 21, 1806, P. L. 558, sec. 13, when a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the

statute can be used and "When a statutory remedy has been provided, *each step in the proceeding can be taken only as the legislature has prescribed*": Derry Twp. School Dist. v. Barnett Coal Co. et al., 332 Pa. 174, 177 (1938). (Italics supplied).

"Where a remedy or method of procedure is provided or duty enjoined by any act of assembly, the directions of such act must be strictly construed, and, under the Act of March 21, 1806, 4 Sm. L. 326, such remedy or procedure is exclusive": Ermine v. Frankel et al., 322 Pa. 70, 72 (1936).

"The policy of the law of this Commonwealth is to restrict the litigant to the statutory remedy where one is given": Bickley v. Pennsylvania Public Utility Commission, 148 Pa. Superior Ct. 399, 406 (1942).

Accordingly, exceptions to the master's report are sustained as aforesaid and the libel is dismissed.